(155 App. Div. 254.)

### WOOD v. SCUDDER.

(Supreme Court, Appellate Division, Second Department. February 7, 1913.)

1. USURY (§ 109*)—LIMITATIONS—PLEADINGS.

General Business Law (Consol. Laws 1909, c. 20) § 372, authorizing the recovery of usurious interest if the action is brought within one year after payment, need not be expressly pleaded as a statute of limitation, and a counterclaim demanding judgment for usurious interest paid as shown by the facts alleged more than a year before the commencement of the action is demurrable.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 267–269; Dec. Dig. § 109.*]

2. BONDS (§ 128*)—ACTIONS—PLEADINGS—ISSUES.

Where the complaint in an action on a bond alleged its execution and assignment to plaintiff, and averred that there was due on it after crediting payments made a specified sum and interest, the payment of which had been demanded and refused, an answer denying every allegation of the complaint except as admitted, and limiting the admissions to the execution and assignment of the bond, and the making of the stated payments, raised no issue, since the denial was limited to the allegation of the complaint that the specified sum, with interest, was due.

[Ed. Note.—For other cases, see Bonds, Cent. Dig. §§ 98, 205–217; Dec. Dig. § 128.*]

3. USURY (§ 103*)—ESTOPPEL CERTIFICATE—EFFECT.

An obligor in a bond may set up usury notwithstanding the existence of an estoppel certificate which may be used as evidence to contradict the claim of usury.

[Ed. Note.—For other cases, see Usury, Cent. Dig. § 259; Dec. Dig. § 103.*]

4. USURY (§ 111*)—ACTIONS—PLEADING—DEFENSES.

An answer in an action on a bond which for a partial defense alleges that, by a usurious agreement, the time for the payment of the balance due on the bond was extended, and which sets forth the agreement in detail, is insufficient where the usurious payments were made more than a year before the commencement of the action.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 272–306; Dec. Dig. § 111.*]

Appeal from Trial Term, Kings County.

Action by Howard O. Wood against Wilbur S. Scudder. From a judgment for plaintiff entered on an order directing judgment on demurrer to a counterclaim set up in the answer, and striking out of the answer a denial and certain defenses as false, sham, irrelevant, and frivolous, defendant appeals, and brings up for review the order. Judgment reversed, and order modified and affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

Albert A. Hovell, of Brooklyn (Harry W. McChesney, of Brooklyn, on the brief), for appellant.

William G. Cooke, of New York City, for respondent.

HIRSCHBERG, J. The action is brought to recover an unpaid balance on a bond executed by the defendant to one Jean M. Jackson, and duly assigned by the latter to the plaintiff. The complaint sets

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

forth the execution of the bond, its assignment to the plaintiff, and that there was due on it, after crediting the payments made, the sum of $2,000 and interest, payment of which had been demanded and refused. The amended answer denies "each and every allegation contained in said complaint, except as hereinafter admitted," the admissions being limited generally to the execution, delivery, and assignment of the bond, and the making of the conceded payments. For a first and separate defense the amended answer alleges, in addition to the admissions stated, the allegation that the bond in suit is accompanied by a collateral mortgage on certain real estate, and that such instruments were executed and assigned to the plaintiff pursuant to a corrupt and usurious agreement between the plaintiff and the defendant, the precise terms of which are set forth in detail. For a second and partial defense it is alleged that by another corrupt and usurious agreement between the plaintiff and the defendant the time for the payment of the balance alleged to be due and unpaid was extended; the precise terms of this agreement being also set forth in detail. For a counterclaim the amended answer repeats and renews the allegations of usury, and demands judgment for the sums claimed to have been paid by the defendant in excess of legal interest, all of which payments were made more than a year prior to the commencement of the action, and also for the cancellation of the securities as null and void; but demands, further, that, if such instruments are held to be good and valid in the hands of the plaintiff, the sums so paid in excess of lawful interest be credited and allowed to the defendant as payments thereon.

[1] The plaintiff demurred to the counterclaim on the ground that it appears upon its face that more than one year has elapsed since the making of the alleged usurious payments, and that the defendant had therefore no legal right to recover them or set them off. The demurrer, I think, was properly sustained by virtue of the provisions of section 372 of the General Business Law (Consol. Laws 1909, c. 20), as the appellant concedes in his brief it would have been, had the demurrer been interposed to a complaint in an action brought by him to recover back the usurious payments. I know of no authority for the proposition that the terms of the section of the General Business Law, supra, must be expressly pleaded as a statute of limitation, and none is cited.

Upon the hearing at the special term of the demurrer as a contested motion, and on the hearing at the same time of a further motion by the plaintiff, based on affidavits setting forth the execution by the defendant of a so-called "estoppel certificate" executed by the defendant at the time of the assignment of the securities to the plaintiff, and certifying that the mortgage in question is a valid lien on the premises for the full amount of the principal and interest due, and that there are no defenses or offsets to the mortgage or the bond which it secures, the order on which the judgment appealed from has been entered was granted, by the terms of which it was "ordered that the motion aforesaid be and the same hereby is granted; that the plaintiff have judgment upon his demurrer to said counterclaim; that the denial

aforesaid be, and it hereby is, stricken out as irrelevant, redundant, and insufficient in law; that that part of said amended answer designated 'a first, separate and distinct defense' be, and it hereby is, stricken out as false and sham, and that plaintiff have judgment upon that part of said amended answer designated 'a second and partial defense to plaintiff's alleged cause of action' as frivolous."

[2] I think the denial was properly stricken out. The answer nowhere admits that any amount is due the plaintiff, and it would seem to follow that the denial is necessarily limited to the allegation in the complaint that the sum of $2,000 and interest is due and owing from the defendant to the plaintiff. As the denial, therefore, admits all the allegations of fact contained in the complaint, and the indebtedness is a mere conclusion of law which necessarily flows from and follows such allegations, it raised no issue. Emery v. Baltz et al., 94 N. Y. 408.

[3] The first separate defense, however, clearly sets up usury, and it was error to strike out that defense on the sole ground that the defendant was precluded from pleading it because of the existence of the "estoppel certificate." The certificate is evidence, of course, and may well be used to combat the defendant's contention on the trial, but no authority is cited for the proposition that such a certificate, any more than the usual recitals in the bond tending to show the legal nature of the loan, can operate to prevent a borrower from asserting that the loan, however regular in form, is in fact tainted with the stain of usury.

[4] I think the second partial defense must fall with the counterclaim, and for the same reason which justified the demurrer.

It follows that the judgment should be reversed, and the order modified by denying the motion to strike out the first separate and distinct defense as set up in the amended answer, and, as so modified, affirmed, without costs. All concur.