JAMES P. GLEASON, Respondent, *v.* GRACE B. O'NEILL and Another, Appellants, Impleaded with ALEXANDER F. JONES, Defendant.

Fourth Department, January 6, 1932.

*Cregg & Rulison* [*William Ryan* of counsel], for the appellants.

*Nash & O'Brien* [*Dennis P. Nash* of counsel], for the respondent.

THOMPSON, J. This action was brought to foreclose a mortgage given by the defendant Grace B. O'Neill to her husband, the defendant Frank H. O'Neill, to secure the payment of the sum of $10,000, and assigned by him to the plaintiff. The defendants plead usury. Before the trial the foreclosure of a prior mortgage cut off the lien of plaintiff's mortgage on the premises covered by both, and this action was thereafter continued as one for a money judgment only.

The decision of the trial court consists of findings of fact to the effect that the mortgage was given by Grace B. O'Neill to Frank H. O'Neill to secure the payment of the sum of $10,000; that it was assigned to plaintiff for $5,000; that the mortgagor executed and

delivered to plaintiff an estoppel certificate prior to his acceptance of such assignment; and that the defendant Grace B. O'Neill failed to comply with the terms and conditions of the bond and mortgage. It omitted to make findings in respect to the question of usury, or the good faith or intent of the parties, nor were such findings proposed or requested. As a conclusion of law the court held the bond and mortgage to be valid and legal *to the extent of $5,000*, and interest thereon from January 2, 1930. This is an appeal from the judgment entered on the decision in favor of plaintiff and against defendant Grace B. O'Neill for $5,000, plus interest and costs.

Plaintiff, respondent's attorney O'Brien, represented all of the parties to the transaction in suit, and also in the various other similar transactions mentioned in the testimony. In December, 1929, defendant Grace B. O'Neill requested O'Brien to procure a loan for her to be secured by a mortgage on the O'Neill Block, then owned by her. On January 2, 1930, the bond and mortgage sued upon were prepared by O'Brien and executed by Mrs. O'Neill. Although Frank H. O'Neill was the mortgagee named in the mortgage, no part of the amount for which it purports to have been given ever passed from him to the mortgagor (his wife), nor were the bond and mortgage ever delivered to him. On January 10, 1930, Frank executed an assignment of the bond and mortgage to the plaintiff. As a further inducement to plaintiff to take the bond and mortgage, defendant Grace made an assignment to plaintiff of her interest as remainderman in a trust fund, which had a potential value of about $12,000, as collateral security. Plaintiff paid only $5,000 for this $10,000 bond and mortgage, and he did not pay that to his assignor. On the contrary, he paid it all to or for the account of the mortgagor, Grace B. O'Neill. It is significant that although the assignment of the mortgage to plaintiff was made by the mortgagee, Frank H. O'Neill, the additional security necessary to persuade plaintiff to accept an assignment of the mortgage was furnished by the mortgage debtor; that this is one of seven similar transactions had between plaintiff and defendants, in each of which the wife made a mortgage to the husband, who in turn assigned it to plaintiff; that in each instance all parties were represented by the same attorney, and the mortgage and assignment were recorded at the same time. It clearly appears from plaintiff's own testimony that the defendant Grace B. O'Neill was the real borrower from him and that he knew it. She begged him to buy the mortgage. He knew the money was to go to her, and he actually paid the $5,000 consideration to her or for her account. From these facts it is manifest that this is a plain case

of usury into which a dummy was introduced in an effort to evade the law. (*New York Mortgage Co.* v. *Garfinkle*, 231 App. Div. 327, 330; *Silverstein* v. *Taubenkimmel*, 209 id. 710; *Schanz* v. *Sotscheck*, 167 id. 202.)

Plaintiff claims he relied on an estoppel certificate, executed by Grace B. O'Neill in connection with the transaction, whereby she represented that the mortgage was a valid lien upon the premises and that there was due and unpaid thereon the sum of $10,000 and interest from January 2, 1930. As already appears, plaintiff was too well informed of the nature of this transaction to be in any way misled by this certificate. To hold that a borrower might be so easily estopped from asserting the defense of usury would defeat the whole purpose and effect of the statute. Plaintiff falls far short of being of the class of innocent third parties entitled to invoke this principle, the evidence fairly establishing that he had full knowledge of the usurious transaction and was a party thereto. (*Wood* v. *Scudder*, 155 App. Div. 254.)

" A plaintiff thus situated was not misled by the false statement made to complete the usurious transaction, and considerations of public policy forbid that the law should be defeated by any such device." (*Merwin* v. *Romanelli*, 141 App. Div. 711, 712.)

The amount of the judgment gives color to the suggestion that the trial court may have reached its decision under the rule of " estoppel * * * to prevent injustice and fraud." (*Schanz* v. *Sotscheck*, 167 App. Div. 202.) The substance of this rule is that a mortgage, having no valid inception, is enforcible in the hands of a purchaser, in good faith, relying on representations by the mortgagor that it did have a valid inception, to the extent of the consideration actually paid therefor. We are of the opinion that the rule is not available to plaintiff, there being an absence of facts, the existence of which must be made to appear before it can be applied. (*Payne* v. *Burnham*, 62 N. Y. 69; *Schanz* v. *Sotscheck, supra.*)

The respondent contends that there is no question before this court because appellants failed to file exceptions either to the findings of fact or the conclusions of law contained in the decision of the trial court. The absence of an exception does not prevent the Appellate Division from reviewing the case. (*Matter of Findlay*, 253 N. Y. 1, 16; *York Mortgage Corp.* v. *Clotar Const. Corp.*, 254 id. 128, 132; *Wilmarth* v. *Heine*, 137 App. Div. 526, 528; *People ex rel. DeLaney* v. *Mt. St. Joseph's Academy*, [4th Dept.] 198 id. 280, 282; Civ. Prac. Act, § 584; Rules Civ. Prac. rule 239.)

Upon the whole evidence we find that this transaction was usurious.

It follows that the judgment should be reversed on the law

and facts, with costs, and the complaint dismissed, with costs; and the defendants should have judgment, declaring the bond and mortgage to be void, enjoining any prosecution thereon, and that the same be surrendered and canceled. (Gen. Business Law, § 373.)

The conclusions of law should be disapproved, new conclusions reached and certain additional findings of fact should be made.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment reversed on the law and facts, with costs, and judgment directed in favor of the defendants dismissing the complaint and declaring the bond and mortgage void and directing that same be surrendered and canceled. Certain findings of fact modified on the facts and additional findings made. Conclusions of law disapproved and new conclusions made.