WALMOR, INC., Appellant, *v.* ABRAHAM LEVAY, Respondent.
(Action No. 1.)

First Department, April 7, 1933.

*Malcolm A. Crusius* of counsel [*Kerfoot & MacArthur*, attorneys], for the appellant.

*S. Sawyer LeVay* of counsel [*Albert Adams* with him on the brief; *S. Sawyer LeVay*, attorney], for the respondent.

*Arthur Ofner* of counsel [*Warren C. Fielding* and *Henry L. Bayles* with him on the brief; *Carl J. Austrian*, attorney], as *amicus curiæ.*

O'MALLEY, J. But one objection to the counterclaim and defense need be considered, namely, whether they were interposed within the time limited by law. Our conclusion is that their interposition was not timely.

The plaintiff sues upon two promissory notes made by the defendant to the order of " myself " and discounted by him with the American Union Bank. The bank was closed by the Superintendent of Banks and the notes were assigned by him as liquidator to the Manufacturers Trust Company which, prior to the commencement of this action, sold them to the plaintiff.

The counterclaim and defense are to the effect that in the latter part of 1929 the defendant delivered to the American Union Bank

certain shares of its own stock for sale upon its agreement to sell within a reasonable time. It is alleged that the bank breached its agreement by refusing to sell the securities or to return them, and damages for such breach in the sum of $65,000, together with such additional amount as may arise by way of assessment upon such stock by the Superintendent of Banks, are claimed.

The Superintendent closed the bank August 5, 1931. Pursuant to section 72 of the Banking Law he designated September 17, 1931, as the last day for the presentment of claims. Thereafter, in compliance with the provisions of sections 72–75 of the Banking Law, the Superintendent on December 6, 1931, accepted or rejected all claims filed and accounts payable on the books of the bank. The only liability appearing by claim filed or account payable on the books in favor of the defendant was in the sum of $475.53, which amount was credited to the notes in suit.

The six months' period provided for by section 76 of the Banking Law for the institution of an action on claims filed and payable, listed and not accepted, expired June 6, 1932. Such date was prior not only to the service of the counterclaim and defense, but even to the institution of the present action.

Section 76 of the Banking Law provides: " When the time within which the Superintendent is required to accept or reject claims has expired and at any time within six months thereafter, a claimant whose claim has been duly filed and has not been accepted by the Superintendent, or any person whose account payable as shown by the books and records, as to which no claim has been presented, has not been accepted by the Superintendent, may institute and maintain an action thereon against such corporation or banker.

" No action shall be maintained against such corporation or banker while the Superintendent is in possession of its affairs and business unless brought within the period of limitation specified in this section. In all actions or proceedings instituted against such corporation or banker while the Superintendent is in possession of its property and business, the plaintiff shall be required to allege and prove that the claim upon which the action is instituted was duly filed and that eighty days have elapsed since the expiration of time for filing said claim and that said claim has not been accepted."

The defendant contends that this section is to be construed as applying to one initiating an action, not to one who seeks to defend. In support of such contention the use of the word " claimant " in the first part, and of " plaintiff " in the latter part of the

section, is emphasized. We find no basis for the distinction sought to be made. The term " plaintiff " includes a defendant asserting a right of setoff or counterclaim. (Pers. Prop. Law, § 156.)

The procedure established by sections 72–78 of the Banking Law provides for an orderly and early liquidation of a bank. This scheme would be disturbed, if not subverted, should it be held that one who did not file or prove his claim, nor commence an action within the statutory time limited, might avail himself of such claim as a defense to an action against him, based on another claim held by the bank or its transferee. It would be difficult, indeed, to induce a purchase of any claim held by the bank under such circumstances.

Under the old Code of Civil Procedure, section 1822, a claimant against an estate of a decedent was required, whenever a claim against an estate was disputed or rejected, to commence an action within six months thereafter. In considering this section it was held that where such action was not instituted within the six months' period, the claimant could not assert such claim as an offset to an action on a claim of the estate brought against him. (*Van Ness* v. *Kenyon*, 208 N. Y. 228.) The statute did not expressly provide that the claim would be barred for all purposes, but merely held that the claimant and all persons claiming under him were forever barred from maintaining an action or other remedy to enforce payment out of decedent's property. The right to assert such a claim as a setoff was denied.

So, too, a right under section 372 of the General Business Law, for the recovery of a usurious payment, an action on which is required to be brought within a year, may not be asserted as a counterclaim if not interposed within the statutory period. (*Wood* v. *Scudder*, 155 App. Div. 254.)

In our opinion, therefore, one who has a cause of action against a bank in liquidation based on a claim not allowed by the Superintendent, and who fails to commence an action or proceeding within the statutory period, may not, in an action against him on a claim originally held by such bank, interpose his claim by way of setoff, particularly where, as here, such counterclaim did not arise out of the cause of action alleged in the complaint. nor have any connection whatsoever with it.

We are of opinion, therefore, that the motion to dismiss such counterclaim and defense on the ground that the Statute of Limitations had run against it should have been granted.

It follows that the order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion to

dismiss the counterclaim and defense on the ground that it had not been interposed within the time limited by law, granted, with ten dollars costs.

Finch, P. J., McAvoy, Martin and Townley, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion to dismiss the counterclaim and defense on the ground that it had not been interposed within the time limited by law, granted, with ten dollars costs.