In the Matter of the Arbitration between the FIRST REPUBLIC BUILDING CORPORATION et al., Respondents, and JOSEPH B. GILDENHORN et al., Appellants.

First Department, February 20, 1964.

*Donald Zimmerman* of counsel (*Leon Finley* and *Theodore J. Greene* with him on the brief; *Finley & Gore,* attorneys), for appellants.

*Arthur C. Parker* for respondents.

*Per Curiam.* This is an appeal from an order of Special Term which granted petitioners' motion to stay arbitration.

By written contract, dated September 11, 1962, the parties agreed by joint venture to erect an office building in Washington, D. C. The contract concededly was executed on or about September 26, 1962. Respondents and petitioners were experienced business groups and the detailed, comprehensive contract reflects this. It contained an arbitration clause as to " any controversy or claim arising out of or relating to " the agreement.

Subdivision (f) of paragraph 16 stated that the liability of the petitioners was subject to the " conditions " that the respondents would obtain a first mortgage commitment and

submit plans and specifications acceptable to the petitioners. Paragraph 16 (subd. [f], cl. [4]) states: " (4) On or before September 30, 1962 the New York Group [the petitioners herein] will indicate its approval or disapproval of the foregoing conditions. In the event of disapproval by the New York Group, this contract shall be deemed cancelled, null and void and there shall be no further liability between the parties hereto."

On October 23, 1962 the petitioners advised the respondents that the agreement was cancelled because of the failure to comply with subdivision (f) of paragraph 16. Thereafter the respondents demanded arbitration, seeking damages for the willful breach of the contract.

Petitioners urged their approval under paragraph 16 (subd. [f], cl. [4]) was discretionary and their determination of noncompliance with the conditions required under subdivision (f) of paragraph 16 of the agreement was such a disapproval and rendered such agreement inoperative and of no effect. The petitioners argued also that the September 30, 1962 cut-off date was waived in that the agreement was executed on or about September 26, 1962 and it was understood that the conditions in subdivision (f) of paragraph 16 could not be complied with in that period of time. In the alternative, petitioners sought to limit the scope of arbitration solely to the definition and construction of the terms of the agreement and to exclude breach of contract. Finally, petitioners claim fraud in the inducement and misjoinder of certain parties.

A reading of the contract as a whole indicates that a failure to comply with the conditions set forth in subdivision (f) of paragraph 16 will not serve to render the contract void *ab initio*. The predating of the agreement, the use of the present tense, and the immediate undertaking of the parties to render services to achieve the desired result, lead to the conclusion that there was an immediate acknowledgment of the existence of a contract and not such a conditional acceptance as would render the arbitration clause ineffective. This is supported further by the admitted negotiations and efforts by the parties which preceded and continued after the cut-off date.

The terms imposed by subdivision (f) of paragraph 16, whether labeled conditions precedent or subsequent, relate to the performance of the parties to achieve the result bargained for. By no interpretation could they be considered a conditional acceptance or preclude the formation or existence of a valid and binding contract. Thus the effect of a failure to comply with such conditions, or the claim of a waiver of the

cut-off date, has been held to be for the arbitrators to decide. *Matter of Uraga Dock (Mediterranean & Oriental S. S. Corp.)* (6 A D 2d 443, affd. 6 N Y 2d 773). *Matter of Board of Educ. (Heckler Elec. Co.)* (7 N Y 2d 476) is not to the contrary. There the condition to be performed to permit arbitration was not within the contract as formulated or bargained for by the parties. The condition was a procedural obligation imposed by statute and for determination by the courts as would be any other requirement which was based upon strong policy considerations. In the instant case no such policy considerations are involved, but merely the obligations of private litigants.

Nor may this court limit the scope of the arbitration. The arbitration clause provided for the settlement of any claim or controversy arising out of or relating to the agreement or breach thereof. It thereafter states: "It is specifically agreed however, that the arbitration shall be limited solely to definition and construction of the terms of this agreement and shall not be utilized for the purposes of changing or adding any provisions to this agreement." This at best is advisory and does not in any manner limit the arbitrators' authority to determine the issues raised in the demand for breach of contract. (*Matter of Transpacific Transp. Corp. [Sirena Shipping Co.]*, 9 A D 2d 316, 320, affd. 8 N Y 2d 1048.)

Finally, there is nothing presented by the petitioners to support a claim of fraud in the inducement or require a trial of the issues.

In view of the fact that there was a joinder of two guarantors of the contract who were not parties thereto, the order of Special Term should be modified, on the law and the facts, to vacate the stay as to all parties except the First Republic Corporation of America and Harry A. Lenkin (both guarantors), with costs to appellants.

Botein, P. J., Valente, Stevens, Eager and Steuer, JJ., concur.

Order, entered on January 25, 1963, unanimously modified, on the law and the facts, so as to vacate the stay as to all parties except the First Republic Corporation of America and Harry A. Lenkin, and, as so modified, affirmed, with $20 costs and disbursements to appellants.