■ MADELINE O. BARBI, as Trustee for ALISON BARBI and Others, Appellant, v W. E. HUTTON & Co. et al., Respondents.—Order, Supreme

Court, New York County, entered December 17, 1975, denying the plaintiff-appellant's motion for summary judgment in lieu of a complaint pursuant to CPLR 3213 and staying the action pending arbitration, affirmed, without costs and without disbursements. By the terms of a contract entitled a cash subordination agreement, the plaintiff lent $77,000 to the defendant W. E. Hutton & Co., a general partnership brokerage firm, now in liquidation. Repayment was subordinated to payment of all nonsubordinated creditors of the firm. By its terms, the agreement was not to be assigned or otherwise encumbered without the written consent of the New York Stock Exchange and it provided that any controversy arising out of it would be submitted to arbitration under the rules of the exchange. We agree with our dissenting brother that the agreement is an instrument for the payment of money that qualifies for resort to CPLR 3213. We cannot agree that "the loan agreement was to be subject to approval of the stock exchange, and, therefore, the arbitration provision, among others, did not become operative until then". The agreement both appears to be and is stated to be entire on its face; it contains no provision making it dependent upon approval of the exchange (although under the Exchange Rule No. 325, such approval would be necessary if the firm were to use the proceeds of the loan to meet its net capital requirement). The plaintiff's belief that approval was a prerequisite arises from no representation by a defendant but seems grounded in a statement by her own attorneys. The plaintiff cannot now claim the agreement effective for relief under CPLR 3213 but ineffective when its arbitration provision is sought to be enforced. The parties did not await such approval to put the agreement into effect. The plaintiff paid the $77,000 and the defendant firm paid interest on it. Under those circumstances, had ultimate approval been intended, arbitration would not be precluded *(Matter of First Republic Bldg. Corp. [Gildenhorn]*, 20 AD2d 256, affd 15 NY2d 766). The plaintiff contends that the agreement is a security and that, under the doctrine of *Wilko v Swan* (346 US 427), an individual cannot be compelled to arbitrate a dispute involving a security. The instrument may be a security under the broad definition expressed in title 15 (§ 77b, subd [1]) of the United States Code, but *Wilko* is not the absolute bar to arbitration of security controversies claimed by the plaintiff. It is applicable, not to common-law actions such as this, but to claims arising under the Securities Act of 1933 *(Scherk v Alberto-Culver Co.,* 417 US 506). Concur—Lupiano, Silverman, Lane and Lynch, JJ.; Kupferman, J. P., dissents in the following memorandum: Plaintiff moved for summary judgment in lieu of complaint pursuant to CPLR 3213, on a loan agreement which contains a clause providing for arbitration under the constitution and rules of the New York Stock Exchange, and the defendant, a member firm, now in voluntary liquidation, posed the arbitration provision as a bar, pursuant to CPLR 7503 (subd [a]). The motion for summary judgment was denied and the action stayed pending arbitration. I would reverse. It seems clear that the loan agreement was to be subject to approval of the stock exchange, and, therefore, the arbitration provision, among others, did not become operative until then. Rule 325 of the stock exchange rules provides for prior approval by the exchange of a subordinated loan agreement. There was no such approval. The agreement itself was on a stock exchange form and contains the further provision, which emphasizes the exchange's suzerainty, that it may not be "transferred, sold, assigned, pledged or otherwise encumbered or otherwise disposed of * * * without the prior written consent of the Exchange." Accordingly, the arbitration provision was not effective. There being no doubt that the money was loaned and received, and that the

unapproved agreement is evidence thereof, plaintiff may proceed for accelerated judgment pursuant to CPLR 3213. (See *Interman Ind. Prods. v R. S. M. Electron Power,* 37 NY2d 151, 156.)