■ MANUFACTURERS HANOVER TRUST COMPANY/CAPITAL REGION, Appellant, v MEADOWDALE DEVELOPMENT CO., INC., et al., Respondents, et al., Defendant. (Action No. 1.) MANUFACTURERS HANOVER TRUST COMPANY/CAPITAL REGION, Appellant,v KRUMKILL REALTY CO. et al., Respondents, et al., Defendant. (Action No. 2.) MANUFACTURERS HANOVER TRUST COMPANY/CAPITAL REGION, Appellant, v GARFIELD ROAD PROPERTIES, INC., et al., Respondents, et al., Defendant. (Action No. 3.) — Appeals, in Actions Nos. 1 and 2, from orders of the Supreme Court at Special Term (Harlem, J.), entered November 5, 1981 in Albany County, which denied plaintiff's motion for summary judgment. Appeal, in Action No. 3, from an order of the Supreme Court at Special Term (Harlem, J.), entered November 9, 1981 in Rensselaer County, which denied plaintiff's motion for summary judgment. These three separate actions are to foreclose mortgages. The issues presented in each are identical. Plaintiff bank loaned various sums of money to defendants Garfield Road Properties, Inc., Meadowdale Development Co., Inc., and Krumkill Realty Company (a limited partnership). In each instance, payment was guaranteed by the same three individuals and promissory notes and mortgages were executed. Thereafter, plaintiff commenced actions to foreclose the three mortgages for alleged nonpayment. By way of both affirmative defenses and counterclaims defendants alleged that the notes in question were usurious. The actions were subsequently settled by the parties to each action. Two of the guarantors were released from their guarantees and the remaining parties executed a "Modification and Extension Agreement" wherein the unpaid balance of each original promissory note (principal plus accrued interest) was to accrue additional interest between February 1, 1977 and August 1, 1978 and was to become payable in one lump sum on August 1, 1978. The foreclosure actions were also discontinued and releases signed by defendants releasing the bank from any

and all causes of action in connection with the notes and mortgages executed by defendants in 1972 and 1973. The instant actions for foreclosure of the mortgages executed when the promissory notes were executed were commenced alleging nonpayment of the notes pursuant to the modification and extension agreements. Defendants again raise by affirmative defenses and counterclaims the issue of usury. Both plaintiff and defendants moved for summary judgment in each action and defendants also moved for leave to serve supplemental answers asserting the defense of duress in the execution of the modification and extension agreements and the releases. Special Term denied all motions for summary judgment but granted defendants' motions to serve supplemental answers. Plaintiff appeals in each action. Plaintiff contends that since defendants executed general releases in favor of plaintiff in conjunction with the execution of the modification and extension agreements they have waived any right to assert the defense of usury in any litigation arising out of the loan transaction. We disagree and find plaintiff's arguments on this issue unpersuasive. The record reveals that the releases executed by defendants were executed at the same time the modification and extension agreements were executed and were an integral part of the entire executory agreement. By the agreement, the terms of payment were extended and modified but the obligations of the debtors were not terminated. Under such circumstances, the release of the defense of usury should not be given effect (see *Gleason v O'Neill*, 234 App Div 264; *Wood v Scudder*, 155 App Div 254; 32 NY Jur, Interest and Usury, § 87, p 144). Since the defense of usury is not barred and there are factual issues regarding the usury issue, summary judgment was properly denied. As to the issue of usury not applying to the two corporate defendants pursuant to subdivision 1 of section 5-521 of the General Obligations Law, we note that it was not raised at or passed upon by Special Term and, therefore, it will not be considered by this court. Finally, we are of the view that Special Term properly granted defendants permission to serve supplemental answers. Orders affirmed, with costs. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.