◼ In the Matter of the Arbitration between QUICK & REILLY, INC., Respondent, and BOB DAVIDSON, Appellant. — Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered September 2, 1983 in Albany County, which, *inter alia,* granted petitioner's application pursuant to CPLR 7503 to compel arbitration between the parties. ¶ The issue presented for resolution in the case at bar is whether Special Term properly determined that petitioner's first, second, fourth and fifth causes of action allege common-law causes of action and are arbitrable pursuant to the arbitration clause contained in the parties' option agreement. We conclude that Special Term correctly ruled that those causes of action are arbitrable and, accordingly, its order should be affirmed. ¶ Petitioner is a securities dealer located in the City of Albany and a member of the New York Stock Exchange. Respondent executed a customer's agreement with petitioner for the purpose of trading

options. A dispute arose and respondent commenced an action against petitioner alleging breach of a fiduciary duty, negligence and concealment of a tender offer concerning the company with which respondent was dealing. In June of 1983, petitioner moved at Special Term for an order pursuant to CPLR 7503 (subd [a]) directing that the controversy between the parties proceed to arbitration in accord with an arbitration clause in the option agreement and in the manner set forth by CPLR article 75. The arbitration clause provided: "Any controversy between [petitioner and respondent] arising out of any option transaction or this agreement shall be settled by arbitration before the New York Stock Exchange, Inc. Arbitration must be commenced by a written notice of intention to arbitrate". ¶ Respondent, in opposition to petitioner's motion, argued that the arbitration clause should be declared void as a matter of law in that it failed to comply with the July, 1979 Securities Exchange Commission (SEC) release No. 34-15984 (44 Fed Reg 40462) and that controlling case law requires that the clause be held unenforceable. ¶ Special Term partially granted petitioner's motion and ordered that the causes of action alleging non-Federal security law violations proceed to arbitration. The court stayed the prosecution of the third cause of action involving the alleged concealment of a tender offer, a Federal security law violation, pending the arbitrator's decision. This appeal by respondent followed. ¶ The Supreme Court, in *Wilko v Swan* (346 US 427), held that an individual cannot prospectively waive his right to a court trial in a matter concerning alleged securities law violations and that an arbitration clause which does so is void as a matter of law. The court, however, distinguished between State and common-law claims, such as breach of contract, fraud and negligence, and Federal securities law violations, the former of which are arbitrable. Subsequently, in *Barbi v Hutton & Co.* (53 AD2d 562), it was held that *Wilko* was not an absolute bar to arbitration of security controversies. The First Department stated that it was not applicable to common-law actions, such as was the subject of the *Barbi* case, but to claims arising under the Securities Act of 1933 (*id.,* at p 563). ¶ In its decision in the instant matter, Special Term properly relied on the recent case of *Harris v Shearson Hayden Stone* (82 AD2d 87, affd 56 NY2d 627). Respondent argues that the *Harris* case should not be followed since the customer agreement containing the arbitration clause in *Harris* was executed two years prior to SEC release No. 34-15984, which requires disclosure to the customer of the right to a judicial forum to resolve any claims. Further, respondent argues, the customer agreement in *Harris* contained a warning at the top "PLEASE READ CAREFULLY, SIGN AND RETURN", while the option agreement here contains no warning. Examination of the *Harris* decision indicates, however, that these two factors, while mentioned by the court, did not form the basis for its decision. ¶ Although the arbitration clause in the instant case is in apparent violation of the SEC release since it did not inform respondent that Federal securities claims could not prospectively be waived, it is clear that the SEC release does not state what is to be done when, as here, a broker-dealer fails to so inform its customers. Thus, considering this State's strong policy of generally encouraging arbitration (see *Matter of Prinze,* 38 NY2d 570, 574) and the fact that no law prohibits arbitration of respondent's common-law claims, Special Term's severance of the Federal securities violation claim from the common-law claims and stay of any trial of the Federal securities claim pending arbitration of the common-law claims was proper. ¶ Respondent's argument that the customer's agreement is an unconscionable adhesion contract which should be rendered void is not properly presented for appellate review and will not be considered by this court since it was not raised at Special Term but is raised for the first time on appeal (*Manufacturers Hanover*

*Trust Co./Capital Region v Meadowdale Dev. Co.,* 91 AD2d 1087, 1088; *Mulligan v Lackey,* 33 AD2d 991, 992). ¶ Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.