HOWARD J. KRAMER, Respondent, v. GENEVIEVE KRAMER, Appellant.— The plaintiff brought an action for separation in June, 1932, on the ground of abandonment. The defendant in her answer denied the charge of abandonment and set up a counterclaim asking for a separation on the ground of cruel and inhuman treatment. By an order granted October 25, 1932, as modified on appeal to this court, the plaintiff was directed to pay temporary alimony for the support of the wife and the two children in the sum of forty dollars per week, besides $1,000 counsel fees. Nothing has been paid, and the course of conduct of the plaintiff indicates that he has never had any purpose to pay. Plaintiff has a remainder interest in his father's estate. The actual value of either the estate or plaintiff's interest is not shown by this record. It is subject to the life estate of his mother, who was given power of sale of real property in the will. This expectant estate was assigned by the plaintiff to his sister in 1930. In May, 1935, a receiver was appointed in sequestration proceedings and an action was brought and judgment entered setting aside the assignment to the sister and directing reassignment to the plaintiff. By the judgment he was forbidden to assign or otherwise dispose of his expectant estate. The sequestration order has produced no present results in providing for the wife's support. There is no present income from this property. The mother is about seventy-eight years of age. The plaintiff suggests that his interest may be sold or mortgaged by the receiver, and his brother offers $8,000 for an assignment of the plaintiff's interest. That would just about pay the present arrears and leave the defendant with no security for future payments. There is no authority in the receiver to make such sale or mortgage without direction of the court, and it is fair to assume that no court would direct such sale at that price and thereby foreclose the defendant from future security and cut off the contingent remainder of the children. The plaintiff is at present employed at a salary of $1,080 per year. He is a dentist by profession and naturally would have greater earnings in his profession if he were inclined to work. His course of conduct indicates that he has no purpose to provide for the wife and children. Order reversed on the law and the facts, with ten dollars costs and disbursements, and motion to punish for contempt granted. The plaintiff may purge himself of contempt by paying to the defendant fifty dollars per month in weekly installments commencing on the date of the motion and continuing until the further direction of the court. In the meantime the arrears may stand, awaiting the vesting in possession of the plaintiff's estate. The matter is remitted to the Special Term to issue a commitment, and to make such further inquiry as it may

be advised concerning the nature and extent of the plaintiff's property interests and the advisability of mortgaging the same or making a sale thereof in payment of the arrears or for further present support of defendant and her children. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur. Settle order on notice.