In the Matter of MARGARET PAVICH, Respondent, v. ANTE PAVICH, Appellant.— In a support proceeding by a wife against her husband, in which an order had been made by the Family Court, Nassau County, on November 19, 1963 directing the husband to pay $60 per week for the support of the wife and two children, the husband appeals from a subsequent order of said court, entered February 10, 1965 after a hearing, which granted the wife's application to compel compliance with said prior order by directing the husband to pay arrears of $550 in stated installments, plus $60 per week for current support; and by further directing that in the event of his default he shall be committed to the Nassau County Jail for 60 days. Order of February 10, 1965 reversed on the law, and application remitted to the Family Court, Nassau County: (a) for a new hearing and for the taking of plenary proof as to the current income and financial condition of both the husband and the wife and as to the current status of the children; (b) for the making of appropriate findings and a determination *de novo* on the

basis of the proof to be adduced upon all the issues presented, as indicated herein; and (c) for further proceedings not inconsistent herewith. No questions of fact have been considered by this court. The record indicates that the trial court labored under the impression that its only function on this application was to determine the extent of the arrears under the prior order of November 19, 1963 and the manner of enforcing compliance with such order; consequently, it took no proof as to the financial status of the respective parties or as to any other relevant matters. Apparently the court believed that the prior order was *res judicata* and that it had no revisory power. In thus proceeding, the court erred. The statute (Family Ct. Act, §§ 451, 458) vests the court with a continuing plenary and supervisory jurisdiction, including specifically the power to modify or vacate any prior support order and to cancel any and all arrears thereunder. The court here failed to exercise that power; it failed to take any proof as to the current income and financial status of the respective parties or as to the current status of the children. Such proof was material and necessary in order to determine the basic issues presented, namely: (1) the issues as to the husband's present financial ability to pay the arrears and the current support at the rate of $60 per week pursuant to the prior order; (2) the issue as to the current status of the children and the current financial status of the wife; and (3) the issue as to whether, in view of the husband's and the wife's current income and financial status and in view of the current status of the children, the amount fixed for support by said prior order, as well as the accrued arrears, should be reduced, and, if so, the extent of such reduction. A new hearing should be held promptly and plenary proof taken upon such issues; appropriate findings should be made on the basis of all the proof adduced; and a determination *de novo* should be made accordingly pursuant to the authority conferred by statute (Family Ct. Act, §§ 451, 458). Ughetta, Acting P. J., Christ, Brennan, Hopkins and Benjamin, JJ., concur.