In the Matter of DAVID R. ELDREDGE, Appellant, *v.* MARY H. ELDREDGE, Respondent.

Third Department, May 31, 1967.

*Max H. Hershkowitz* for appellant.

*Richard Johnson* for respondent.

HERLIHY, J. The parties to this proceeding physically separated in June of 1962 at which time the husband moved from the home. In August of 1962 the Children's Court of Schenectady County acquired jurisdiction and issued an order of support which was amended from time to time until the final one before this proceeding on August 20, 1964. The wife remained a resident of the State of New York, but the husband moved to California in December of 1962 and in January of 1964 instituted an action there for divorce, process being served personally within the State of New York upon his wife, who did not, however, appear in the California action, either personally or by attorney. He secured an interlocutory decree in February of 1964 and a final decree on February 19, 1965. The California decree of divorce makes no provision for support of the wife. On April 4, 1966 the husband started proceedings in this State in reliance on the divorce decree to amend the August 20, 1964 order by deleting therefrom all provisions for the support of the wife. The Family Court by the order appealed from denied such

relief except to the extent of deleting the provision giving sole occupancy to the husband's house to the wife and providing instead that the husband must provide housing equal to the same.

The issue on this appeal is whether or not a foreign divorce decree valid to dissolve the marriage status, but obtained without personal jurisdiction of the defendant, has the effect of terminating prior adjudications of support by the New York Family Court.

There is no dispute on this appeal but that the divorce dissolved the marriage covenants in all respects other than that of support. Of course, there is hardly any question of more import to a former husband than that of the cost of his former desire for *consortium*.

In *Vanderbilt* v. *Vanderbilt* (1 N Y 2d 342, 351) the court stated: "So, that part of a foreign (nonpersonal service but otherwise jurisdictionally valid) divorce decree which dealt with status has to be given effect in New York as terminating the marriage but was entitled to no effect at all so far as support or other property rights were concerned. The question is not whether the economic liabilities of a marriage can validly be held to survive a valid divorce. The point is that the divorce obtained by defendant was valid as to status only, but not as to property."

(See, also, *Estin* v. *Estin*, 334 U. S. 541, 549; *Matter of Slemons* v. *Slemons*, 28 A D 2d 634).

The question of a wife's right to support is unaffected by a husband's divorce decree so obtained. In this case the right to support was determined prior to the divorce decree and since the decree has no effect on such right, there is no basis for giving such a decree any vitality as regards the continuing jurisdiction of Family Court. The argument of the appellant in regard to the distinction between the powers of Family Court and Supreme Court is not applicable to the issue herein decided.

The order should be affirmed.

GIBSON, P. J., REYNOLDS, AULISI and GABRIELLI, JJ., concur.

Order affirmed, with costs.