■ In the Matter of PATRICIA JENNINGS, Respondent, v. WILLIAM JENNINGS, Appellant.— In a support proceeding under article 4 of the Family Court Act, the appeal is from an order of the Family Court, Rockland County, dated February 20, 1973 and made after a hearing, which committed appellant to the Rockland County Jail for six months because of his failure to obey a prior order of support of said court. Order reversed, on the law and the facts, without costs; and proceeding remitted to the Family Court for a new hearing and further proceedings not inconsistent herewith. In our opinion, "competent proof" was not adduced at the hearing to support the determination of the Family Court that appellant had willfully failed to obey the court's prior order of support (Family Ct. Act, § 454). The record reveals that appellant and his wife were not sworn as witnesses nor was appellant given an adequate opportunity to be heard and present witnesses as to his physical inability to

engage in gainful employment (cf. *Matter of Emerick* v. *Emerick*, 24 A D 2d 872; Family Ct. Act, § 433). We also conclude that what "evidence" was adduced at the hearing, to wit, appellant's unsworn statement that he was unable to work because, *inter alia*, he must undergo open heart surgery, negates any finding that his failure to make support payments was willful. In order to subject an individual to imprisonment for willful failure to make support payments, ability to pay must be established, along with proof that payments were due under an order and not made (*Matter of Hall*, 35 A D 2d 758). Mere fact of nonpayment does not establish failure to obey a prior support order as willful (*Matter of Probation Administrator* v. *Prospero*, 37 A D 2d 759). We also direct that at the new hearing appellant be advised that if he is indigent he has the right to the assistance of assigned counsel or other free legal assistance (cf. *Matter of Ella B.*, 30 N Y 2d 352; *People ex rel. Decker* v. *Martin*, 57 Misc 2d 57). Munder, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.