In the Matter of VIRGINIA CONTINELLI, Respondent, v ANGELO CONTINELLI, Appellant.—Order unanimously reversed, without costs, and matter remitted to Erie County Family Court for a hearing in accordance with the following memorandum: On April 29, 1976 an order was entered in Family Court, Erie County, directing respondent to pay $40 per week for the support of his wife and five minor children. On June 30, 1976 petitioner moved in Supreme Court by way of an order to show cause for a determination adjudging respondent in contempt of court for failing to comply with the earlier support order. The matter was referred to Family Court where in an order dated September 9, 1976 respondent was adjudged in contempt of court on the ground that he willfully failed to obey the order of support (see Family Ct Act, § 454). He was sentenced to a term of three months in the Erie County Correctional Facility but such commitment was stayed pending this appeal. In order to constitute a willful failure to obey an order of support the ability to pay must be established. The mere fact of nonpayment is insufficient to establish willfulness (*Matter of Bruno v Bruno,* 50 AD2d 701; *Matter of Burchett,* 43 AD2d 970; *Matter of Jennings v Jennings,* 42 AD2d 568; *Matter of Tucker v Tucker,* 41 AD2d 995). Upon his appearance in court, respondent asserted his inability to pay the arrears and made a statement concerning his physical disabilities and poor financial status. The court nevertheless found that appellant's disobedience of the previous order had been willful. In our opinion the record is inadequate to establish that the nonpayment resulted from willfulness rather than inability to pay. (Appeal from order of Erie County Family Court—contempt.) Present—Marsh, P. J., Moule, Cardamone, Dillon and Goldman, JJ.

 EDWARD G. UNDERWOOD, Appellant, v WINONA G. UNDERWOOD, Respondent.—Judgment unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: Although we recognize that the marriage between the plaintiff and his wife, the defendant, is no longer a viable relationship, this factor standing alone is not a sufficient basis to prompt a court to grant a divorce decree on the ground of the wife's alleged cruel and inhuman treatment of her husband. There must be sufficient probative evidence to convince a trier of fact that the wife has pursued a course of conduct which renders it improper and unsafe for the plaintiff to cohabit with her. We believe that the evidence before the trial court amply supports its findings of fact and see no reason to disturb its determination which denied plaintiff a divorce (*Hessen v Hessen,* 33 NY2d 406; cf. *Newmann v Newmann,* 55 AD2d 822). No award for support properly should have been made. In this seven-year marriage, without issue, the defendant wife who is 15 years younger than the 60-year-old plaintiff has earnings nearly equal to his, i.e., she earns in excess of $9,000 and he earns slightly over $13,000 annually. Further, the husband used a portion of his income during the marriage to make substantial improvements to the house which the wife owns and which she will continue to occupy (Domestic Relations Law, § 236). (Appeal from judgment of Monroe Supreme Court—divorce.) Present—Marsh, P. J., Moule, Cardamone, Dillon and Goldman, JJ.