■ PETER LAWRENCE, Respondent, v LORRAINE LAWRENCE, Appellant.— In a matrimonial action, defendant appeals from so much of an order of the Supreme Court, Queens County, dated January 19, 1976, as, after a hearing, denied her motion for an upward modification of child support. Order reversed insofar as appealed from, on the facts, with costs, motion granted, and the plaintiff husband is directed to pay $70 per week for child support, retroactive to December 1, 1975, the date of the renewed hearing. A determination that the plaintiff-respondent cannot afford to pay more than $35 per week to support his daughter of his first marriage is against the weight of the credible evidence. The testimony of the plaintiff stretches credulity; he claims that he, an experienced businessman, working as he is for a thriving wholly owned family business, receives today the same $10,000 salary which he has been paid since 1969. Equally suspect is his testimony that he sold his stock in that family business to his sister in the very year in which, by sheer coincidence, the suit for separation was commenced. Plaintiff further maintains that he was forced to leave a business he operated from 1971 to 1973 because of harassment of the customers by defendant appellant's attorneys. Peculiarly, that business, including $6,000 worth of new machinery, was given to George Gatto, a close personal friend of the plaintiff, and is still today a functioning enterprise. From these and other circumstances, we infer an obvious effort by plaintiff to avoid paying support to the extent that he is able and that is needed by his daughter (cf. *Kramer v Kramer,* 248 App Div 781; *Diana L. v State of New York,* 70 Misc 2d 660, 661; *Anonymous v Anonymous,* 22 NYS2d 432). Cohalan, J. P., Hawkins, Mollen and O'Connor, JJ., concur.

■ MELISSA LOVAGLIO, an Infant, by Her Father and Natural Guardian, ANGELO LOVAGLIO, et al., Respondents-Appellants, v JIMMIE CHEN et al., Appellants, and EDWARD SHUTTER et al., Respondents, et al., Defendants.—In a medical malpractice action, plaintiffs and defendants Brookdale Hospital, Chen and Blok cross-appeal from a judgment of the Supreme Court, Kings County, entered June 23, 1976, which, *inter alia,* is in favor of the plaintiffs and against the appealing defendants, upon a jury verdict. Judgment, except insofar as it is in favor of the infant plaintiff, affirmed, without costs or disbursements. Judgment, insofar as it is in favor of the infant plaintiff, Melissa Lovaglio, reversed, on the law, and, as between the infant plaintiff and the appealing defendants, action severed and new trial granted with respect to the issue of damages only, with costs to abide the event, unless within 20 days after entry of the order to be made hereon, plaintiffs shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in favor of the infant plaintiff from $1,250,000 to $750,000, and to the entry of an amended judgment accordingly, in which event, the judgment in her favor, as so reduced and amended, is affirmed, without costs or disbursements. The findings of fact are affirmed. The amount of the verdict in favor of the infant plaintiff was excessive to the extent indicated herein. Cohalan, J. P., Hawkins, Mollen and O'Connor, JJ., concur.