■ MARCIA PINSKER, Respondent, v GEORGE PINSKER, Appellant.—In a matrimonial action, the defendant husband appeals, as limited by his brief, from so much of a judgment of divorce of the Supreme Court, Nassau County, entered December 20, 1976, after a nonjury trial, as awarded alimony, child support and a counsel fee. Judgment affirmed insofar as appealed from, with costs. Defendant's main contention on appeal is that the trial court abused its discretion in directing a "grossly excessive" award of alimony, child support and a counsel fee. He argues that the trial court erroneously concluded, as a matter of fact, that he owned a substantial interest of the Trudeb Theatre Corporation. We agree with the trial court that such a factual determination was warranted. Not only did the defendant represent on numerous occasions that he was the "owner" of corporate stock worth at least $10,000, the corporate records indicate that he is the registered owner of 50 shares of stock, or 25% of all shares which the corporation is authorized to issue. Furthermore, the record supports a finding that the individual alleged by defendant to be the true "owner" of the corporation, i.e., his father, Irving Pinsker, never received any cash, salary or stock certificates from the corporation. Indeed, the defendant's father, who resides in Florida six to seven months of the year, apparently had no connection with the corporation after he organized and initially funded it in 1965. Under these circumstances, the trial court was justified in believing that the "firing" of the defendant by his father, coincidentally one month before the foreseeable commencement of this divorce action, after the defendant, who regularly netted $400 per week in salary, had worked at the theatre for 11 years, was merely staged by the defendant to adversely affect the matrimonial award ultimately to be awarded to the plaintiff. We find that the trial court's award of a counsel fee was reasonable (see *Schwartz v Schwartz,* 50 AD2d 877). Hopkins, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.

■ SYL-MOR MANUFACTURING CORPORATION, Respondent, v CHARTER OAK FIRE INSURANCE COMPANY, Appellant.—In an action on a policy of insurance, defendant appeals from an order of the Supreme Court, Kings County, dated January 10, 1977, which, *inter alia,* denied its motion for summary judgment. Order affirmed, with $50 costs and disbursements (see *Becker Plastic Corp. v Fireman's Fund Ins. Co.,* 58 AD2d 616). Hopkins, J. P., Margett, Shapiro and Suozzi, JJ., concur.