■   In the Matter of FRANCES DE MASI, Appellant, v FRANK DE MASI, Respondent.—In proceedings to require respondent to pay petitioner alimony and to increase the amount of child support payments, petitioner appeals, as limited by her notice of appeal and brief, from so much of an order of the Family Court, Westchester County, dated February 4, 1976, as, after a hearing, denied the applications. Order affirmed, without costs or disbursements. The record supports the conclusion that the respondent does not have the financial ability to pay either alimony or increased child support. The mere fact that the respondent is now self-employed and operates a business, does not justify the petitioner-appellant's assumption

that the respondent is possessed of far greater net worth than is indicated by his income. The case of *Kay v Kay* (37 NY2d 632) is readily distinguishable and does not dictate a different result in the instant proceedings. Latham, Margett and O'Connor, JJ., concur; Martuscello, J. P., dissents and votes to reverse the order insofar as it is appealed from, and to remand the proceedings to the Family Court for a new hearing and determination as to alimony and child support, with the following memorandum: The petitioner has custody of the parties' six younger children. The eldest child, having reached her majority, left home and married. The petitioner and her children live in a five-bedroom home owned by her brother. Since the parties separated in 1969, there have been numerous proceedings in the Family Court to compel the respondent to pay child support. At the commencement of this proceeding, the respondent was approximately $3,000 in arrears. In the past several years, the petitioner and her family have been occasionally forced to turn to public assistance to avoid complete destitution. A proceeding was commenced for an increase in child support payments. While the proceeding was pending, the parties were divorced and the petitioner was awarded the right to alimony, the amount of which was to be fixed by the Family Court. However, the Family Court neither fixed an amount of alimony, nor increased the amount of child support. Viewed in the context of the respondent's repeated efforts to avoid his various support obligations, his assertions of inability to pay increased support and alimony are incredible and should be rejected (see *Kramer v Kramer,* 248 App Div 781). The record disclosed that in eight months of operation, the respondent's business has grossed more than $162,000. Cash deposits in excess of $62,000 have been made, without a satisfactory account of how those deposits have been disbursed. The record also indicates that the respondent has used cash from the business for his personal expenses. Nevertheless, the respondent incredibly claims to have received income of only $1,000. These and other factors indicate that the respondent may be reaping substantial profits from his business and that he is making a determined effort to cloud his true economic resources in an attempt to avoid paying alimony and child support (cf. *Lawrence v Lawrence,* 57 AD2d 859). Therefore, the proceedings should be remanded for a new hearing to determine the respondent's actual ability to pay alimony and child support and the amounts thereof.