■    In the Matter of SANDRA LEVINE, Respondent, v PHILIP LEVINE, Appellant.—In a support proceeding pursuant to article 4 of the Family Court Act, the appeals are from two orders of the Family Court, Kings County, dated November 8, 1976 and January 10, 1977, respectively, and made after hearings, as follows: (1) the first fixed the amount of arrears of alimony and child support at $5,000 and (2) the second remanded the

appellant to the custody of the Sheriff for 10 days for willful failure to comply with a prior order which directed the posting of a cash bond. Orders affirmed, with costs. The parties entered into a separation agreement in June, 1974 which provided, *inter alia,* that the appellant would pay $100 per week as alimony, and $100 per week as child support for two children, who are presently 6 and 10 years of age. The separation agreement was incorporated into a judgment of divorce granted in favor of appellant, which was filed in New York County on January 9, 1975. It is undisputed that appellant made all regular payments of alimony and child support until June 13, 1975. At that time appellant ceased all payments entirely, asserting that he had lost his position as a diamond buyer, which had paid $32,500 per year, and was relegated to unemployment benefits of $95 per week as his sole source of income. In May, 1976, after approximately 12 months had elapsed since the appellant had made his last payment, petitioner commenced this proceeding in the Family Court, Kings County, returnable June 24, 1976. Process was personally served upon appellant, who nevertheless failed to appear on June 24, 1976 as well as on the first adjourned date, September 7, 1976. Appellant was brought before the Family Court on September 20, 1976 on a bench warrant. At that time, and thereafter on October 25, 1976, he was informed of the seriousness of the proceeding and of the advisability of retaining counsel. The hearing was adjourned until November 8, 1976, at which time appellant appeared along with a newly-engaged attorney and requested a further adjournment. That application was denied. After a hearing, the Family Court determined, as a fact, that appellant had sufficient means to pay, but had willfully refused to make payment. Arrears were fixed at $5,000, after being offset by the amount of a judgment obtained by the petitioner in the Civil Court of the City of New York, New York County, and the arrears were held in abeyance. The alimony and child support provisions of the judgment of divorce were continued. In December petitioner returned to the Family Court on a supplementary petition alleging that appellant still persisted in failing to make any payments whatsoever despite the order of November 8, 1976. On December 29, 1976 the Family Court ordered the appellant to post a cash bond of $1,400 by January 10, 1977 or face commitment for up to 30 days. Appellant failed to post the requisite bond by that date, again alleging lack of means, and the Family Court concluded, after a hearing, that appellant's failure to post the bond was itself willful. Accordingly, the Family Court remanded appellant to the custody of the Sheriff for 10 days, commencing January 29, 1977, unless he were to post the requisite cash bond by that date. Appellant, who has obtained a stay pending appeal, now appeals from the orders of January 10, 1977 and November 8, 1976. Both orders should be affirmed. Appellant attacks as unsupported by a preponderance of evidence the November 8 finding that he possessed sufficient means to pay and that his default was willful. This argument fails under close scrutiny. During the course of his testimony appellant impliedly admitted that he had made a material misrepresentation in the separation agreement in stating that his 1973 annual income was $20,000 when in actuality it was $32,500. In the course of further testimony, appellant denied owning a bank account at Manufacturers Hanover Trust Company at the time he ceased payments in June, 1975. That denial was immediately withdrawn upon his being shown a bank statement indicating the ownership of an account, together with contemporaneous transactions in the thousands of dollars. In the light of such a record, the Family Court was indeed charitable in choosing to take a "thin view" of appellant's credibility. Moreover, the record indicates that

appellant failed to produce income tax, bank checking accounts and unemployment records for the periods in question, notwithstanding a subpoena duces tecum to produce such records. From the failure to produce these vital records, not shown to be in the control of anyone other than appellant, the Family Court was entitled to draw the strongest inferences against him as to the probable contents of these numerous records (see *Reehil v Fraas,* 129 App Div 563, 564 revd on other grounds, 197 NY 64; see, also, Richardson, Evidence [Prince, 10th ed], § 92). But most importantly, the appellant fully admitted to having earned $11,000 from the period from September, 1975 to January, 1976; yet he did not pay any alimony or support during that time. There appears to be not a single shred of substantiation of appellant's claim of poverty, except his own bald assertions. Under the circumstances there can be no question that the default was anything other than willful and that appellant possessed sufficient means to pay (see *Matter of Pizzo v Pizzo,* 47 AD2d 948; cf. *Pinsker v Pinsker,* 58 AD2d 625). Finally, there is no merit to appellant's other claim that the Family Court erred, as a matter of law, in not allowing his attorney to cross-examine petitioner as to her current financial status at the January 10 hearing (see *Matter of Pavich v Pavich,* 24 AD2d 482). That hearing was confined to the narrow question of whether the failure to post the $1,400 bond, as required by the order of December 29, 1976, was willful, *not* whether the initial default was willful or whether the amount fixed as arrears was proper. Those latter questions were the subject of the lengthy November 8 hearing, at which all factual questions required to be raised by the Family Court under *Pavich* were openly and thoroughly examined. Latham, J. P., Cohalan, Damiani and O'Connor, JJ., concur.