■ In the Matter of JULIA COLLIER, Respondent, v KENNETH D. HAGOOD, Appellant.—Order, Family Court, New York County, entered October 30, 1978, which determined that respondent had willfully defaulted on payments due under a previously entered child support order, fixed the amount of arrearages due at $900 and required respondent to post a cash bond of $1,000 on or before November 9, 1978, or be committed to jail for a term of 10 days, unanimously modified, on the law, to the extent of reversing and

vacating the finding of willful default and the direction that respondent post a $1,000 bond or be committed to jail and remanding this matter to Family Court for a new evidentiary hearing on the issue of respondent's ability to pay and the willfulness of his failure to pay, and, as so modified, affirmed, without costs and disbursements. The statement of arrears from the support collection unit submitted to the Family Court at the hearing on October 30, 1978 which shows that the arrears from July 20, 1978 to October 26, 1978 amount to $900, is prima facie evidence and supports the Family Court determination that respondent is in arrears in such amount. However, in order to find respondent guilty of a willful failure to obey the order of the Family Court directing payment, there must be established an ability to pay. "The mere fact of nonpayment is insufficient to establish willfulness *(Matter of Burchett v Burchett,* 43 AD2d 970; *Matter of Jennings v Jennings,* 42 AD2d 568; *Matter of Tucker v Tucker,* 41 AD2d 995). Finally, it is clear that when a party may be subject to a contempt order and possible imprisonment, he is entitled to a full evidentiary hearing *(Matter of Passonno v Passonno,* 43 AD2d 773; *Shkolnik v Shkolnik,* 41 AD2d 523)". *(Matter of Bruno v Bruno,* 50 AD2d 701.)* On this record it is clear that the Family Court did not hold an evidentiary hearing on the issues of respondent's willfulness and his ability to pay and that such hearing was not waived or frustrated by conduct on respondent's behalf. However, it is noted that a Justice of this court by order entered March 13, 1978 granted respondent a stay of the Family Court order appealed herein on condition that respondent pay petitioner the sum of $45 per week child support commencing March 17, 1978. Further, respondent, who is an attorney, communicated to this court that he is presently able to pay $50 per week toward the support of his child. As an attorney, respondent should be mindful of the well-recognized tenet that an infant is a ward of the court and the court has the equitable duty of protecting the infant's interests (see 28 NY Jur, Infants, §§ 3, 63). Accordingly, by his own admission, of which this court takes judicial notice, respondent is presently able to contribute to the support of his child, the infant daughter of petitioner, the sum of $50 per week. Apart from this admission communicated to this court by respondent while the appeal was pending, the limited record does not permit of any reasoned determination by this court as to respondent's past conduct in not making support payments, and thus a new hearing at Family Court as above directed is required. Concur—Murphy, P. J., Sullivan, Markewich, Lupiano and Silverman, JJ.