■  In the Matter of DEPARTMENT OF SOCIAL SERVICES OF ST. LAWRENCE COUNTY, on Behalf of JEAN ARQUIETTE, Respondent, v GLENFORD ARQUIETTE, Appellant.—Appeals from two orders of the Family Court of St. Lawrence County, entered November 27, 1978 and January 5, 1979, which found the respondent husband in willful violation of a prior support order entered December 10, 1974, continued said order, and ordered that weekly payments be made on arrearages. The record discloses that on June 7, 1978 the Child

Support Supervisor of the Department of Social Services of St. Lawrence County petitioned the Family Court, pursuant to section 454 of the Family Court Act, to punish respondent husband for failure to obey an order of that court entered December 10, 1974, which directed respondent to pay $108 monthly for the support of four minor children. The petition alleged that respondent was $6,029 in arrears. On February 1, 1978 respondent had petitioned Family Court, alleging that he had no income, that his business had been closed since November of 1977, and requested that the December 10, 1974 support order be suspended until he was re-employed and that arrearages after November of 1977 be discharged. After a hearing, Family Court found respondent in willful violation of the order of December 10, 1974, directed that the December 10 order be continued and ordered that respondent pay $25 per week on the arrearages. An order to this effect was entered on November 27, 1978. Later, specifically on January 5, 1979, an order was entered fixing the arrearages at $5,921. Respondent appeals from both orders. Initially, we conclude that respondent was not in willful violation of the December 10, 1974 support order. The hearing record clearly reveals that respondent was reasonably faithful in honoring the support directive until April 27, 1977 when all payments ceased because of an erroneous belief that his obligation ended when his divorced wife commenced receiving public assistance and assigned her support rights to the St. Lawrence County Department of Social Services. Further, the record is void of any proof by the department, as petitioner under section 454 of the Family Court Act, concerning respondent's income or ability to pay support during the period under inquiry (*Matter of Continelli v Continelli,* 55 AD2d 1016). Respondent's financial statement indicated that he had a monthly income of $429.24 and obligations totaling $438.34, $208 of which was a mortgage payment on realty owned by respondent and his first wife. Since respondent was obligated to continue the mortgage payments and upon sale of the premises pay to his former wife $5,000 plus one half of the amount that the mortgage was reduced by respondent's monthly payments, it was error not to treat such payments as the equivalent of rent, and, thus, a necessary expense. Next, since the petition for violation of a prior order was joined with respondent's petition for modification, it was error not to consider respondent's alleged changed circumstances. At the time of the December 10, 1974 order respondent was obligated to pay $27 per month for each of four children. At the date of the hearing on November 15, 1978, two of the four children had become emancipated, one child resided with respondent and only one sibling remained in need of support. These facts, coupled with respondent's conceded status of unemployment, required some consideration of those changed circumstances as they affected respondent's ability to continue to make monthly payments of $108 for child support in addition to weekly installments of $25 to reduce the arrearages. Finally, since these considerations could also have an impact on the computation of the total arrearages, that issue should also be reconsidered. Orders reversed, on the law and the facts, without costs, and matter remitted to the Family Court of St. Lawrence County for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.