■ In the Matter of DEPARTMENT OF SOCIAL SERVICES OF ST. LAWRENCE COUNTY, on Behalf of BETTY LOU HAWN, Respondent, v DONALD HAWN, Appellant. (And One Other Proceeding.) — Appeals from orders of the Family Court of St. Lawrence County (Follett, J.), entered November 3, 1980 and February 24, 1981, which found the respondent husband in willful violation of a prior support order and ordered him committed to the St. Lawrence County Jail. It appears that an order dated April 10, 1980, which is not included in the record on appeal, directed the respondent husband to pay $15 per week for child support and after returning to work he was to pay $20 per week. The St. Lawrence County Department of Social Services petitioned the Family Court, pursuant to section 454 of the Family Court Act, to punish respondent for failure to obey the order of April 10, 1980. A hearing was held at which respondent testified concerning his financial status. Thereafter, by order entered November 3, 1980, respondent was found in willful violation of the order of April 10, 1980 and he was committed to the St. Lawrence County Jail for six months, but the commitment was suspended provided that respondent execute the papers necessary for a wage deduction order. Arrearages due to the department were set at $2,056 and the support order in the amount of $15 per week was continued. Another hearing was subsequently held and respondent was found to have failed to obey the order entered November 3, 1980.

Consequently, by order entered February 24, 1981 respondent was committed to the St. Lawrence County Jail for a period of six months or until such time as he executes the necessary papers for an income deduction order. Respondent appeals from both orders. It is argued by respondent that the court erred in failing to take proof on or consider the current income and financial status of the wife or the current status of the children. We agree. Although respondent did not petition for modification of the prior support order as in *Matter of Department of Social Servs. of St. Lawrence County v Arquiette* (74 AD2d 961), the court has continuing jurisdiction over any support proceeding and may modify, set aside or vacate any order issued in the course of the proceeding (Family Ct Act, § 451). In our view, the court, prior to issuing its order entered November 3, 1980, was required to review the current status of the children and the current financial status of the wife *(Matter of Pavich v Pavich,* 24 AD2d 482; see *Matter of Levine v Levine,* 60 AD2d 652). Accordingly, the order entered November 3, 1980 must be reversed and the matter remitted for a new hearing and for the taking of proof as to the current income and financial status of the wife and as to the current status of the children. In view of this conclusion, the order entered February 24, 1981 must also be reversed. Orders reversed, on the law, without costs, and matter remitted to the Family Court of St. Lawrence County for further proceedings not inconsistent herewith. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.