■ In the Matter of LORRAINE BODEN, Respondent, v PATRICK LECCESE, Appellant. — In a support proceeding, the appeal is from an order of the Family Court, Nassau County (Friedenberg, J.), dated November 29, 1979, which, after a hearing, (1) found that the appellant had willfully violated a prior order of support, dated February 8, 1973, and committed him to the Nassau County Jail for 30 days "in lieu of cash bond in the amount of $1,901.75 to be applied against arrears"; (2) entered an income deduction order; and (3) denied appellant's application for modification (suspension) of the prior order of support. Order modified, on the law, by deleting the provisions thereof sentencing the appellant to 30 days in the Nassau County Jail, and denying the appellant's application for modification of the support order. As so modified, order affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for further proceedings consistent herewith. The appellant is in default in the payments due under the support order, and the arrears of $1,901.75 found by the Family Court to be due and owing were properly determined. Moreover, it was proper for the court to enter an income deduction order in the meantime. However, we find that the appellant should be accorded a further hearing on his petition for a modification of the support order, at which time the financial ability of the petitioner mother and her husband to provide support for the parties' children and the degree and manner in which the particular needs of the children might be affected by any modification may be determined. In addition, the appellant may, if he is so advised, supplement the evidence presented at the original hearing with other relevant evidence as to his financial circumstances. We find the present record inadequate for a determination of the application for a modification of the support order. Hopkins, J. P., Lazer, Gibbons and Cohalan, JJ., concur.

■ In the Matter of the COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, as Assignee of GUILIANI S., Petitioner, v DAVID R. S., Respondent, and THE DOOR, Appellant. — In a paternity proceeding, the appeal (by permission) is from an order of the Family Court, Kings County (Torres, J.), dated March 5, 1981, which directed appellant to provide respondent with portions of its records deemed material to the proceeding. Order affirmed, without costs or disbursements. A review of that portion of the records ordered disclosed reveals that the mother had contacted appellant and continued to deal with that agency for purposes wholly unrelated to drug abuse counselling. Title 21 (§ 1175, subd [a]) of the United States Code, which affords confidentiality to the "[r]ecords of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any drug abuse prevention function" is, therefore, inapplicable and the records were properly ordered to be disclosed. Hopkins, J.P., Mangano, Margett and Thompson, JJ., concur.