■ In the Matter of DORIS A. STUMP, Respondent, v ROBERT B. STUMP, Appellant. — Appeal from an order of the Family Court of Broome County (Dickinson, Jr., J.), entered May 20, 1981, which dismissed a petition to vacate prior orders of support and sequestration. The parties to this appeal married in 1967. In 1979, they physically separated and the wife petitioned Family Court for support. Following a hearing, the court, by order dated November 2, 1979, awarded her support of $65 a week and directed that the husband maintain medical and dental insurance for her. The husband twice unsuccessfully

sought modifications of that support order. Thereupon, he defaulted in his support payments, left the State, and took up residence in Nevada. In June, 1980, he commenced a divorce action in Nevada, serving the wife with the summons and complaint in New York. The wife did not appear in the Nevada action, and the husband obtained a judgment of divorce by default in July, 1980. Meanwhile, the wife brought a proceeding in Family Court to enforce arrears and was granted an order of sequestration against the husband's policeman pension benefits in this State. The husband then brought a petition in Family Court to vacate the orders of support and sequestration on the ground that the Nevada divorce decree divested Family Court of jurisdiction. It is from the dismissal of that petition that the husband now appeals. The Family Court's order of dismissal was entirely proper. Service of process upon the wife in New York was ineffective to obtain personal jurisdiction over her in the Nevada divorce action, and, therefore, was equally ineffective to alter the support or other property rights she previously validly acquired (*Vanderbilt v Vanderbilt,* 1 NY2d 342, 351, affd 354 US 416; *Estin v Estin,* 296 NY 308, affd 334 US 541). Therefore, Family Court, having validly acquired jurisdiction and ordered support during the parties' marriage, continued to have jurisdiction to enforce this order of support despite the subsequent Nevada decree dissolving the marital status (*Matter of Hunter v Hunter,* 41 AD2d 772, 773; *Matter of Slemons v Slemons,* 28 AD2d 634; *Matter of Eldredge v Eldredge,* 27 AD2d 475, 476). The husband failed to appeal from the prior final orders fixing support and denying his previous modification petitions, and failed to allege any change in circumstance, other than the intervening Nevada divorce, in the instant petition. Therefore, there is no basis upon which he is entitled to a review of the prior orders on the merits. For all of the foregoing reasons, the order of the Family Court should be affirmed. Order affirmed, with costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.