■ In the Matter of SHARON McCARTHY, on Behalf of ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant, v JAMES SPEARMAN, Respondent. — Order unanimously reversed, on the law and facts, without costs, petition reinstated and matter remitted to Erie County Family Court for further proceedings, in accordance with the following memorandum: Petitioner's action seeking enforcement of a prior support decree was dismissed at the close of its proof for failure to establish a prima facie case. Section 454 of the Family Court Act sets out the procedures by which support orders may be enforced. Paragraph (a) of subdivision 1, which contemplates committing respondent to jail, requires a finding of willfulness (*Matter of D'Angelo v D'Angelo*, 57 AD2d 1042). The mere fact of nonpayment is insufficient to establish a willful violation; respondent's ability to pay must also be established (*Matter of Continelli v Continelli*, 55 AD2d 1016; *Matter of Bruno v Bruno*, 50 AD2d 701; *Matter of Burchett v Burchett*, 43 AD2d 970). Paragraph (a) under subdivision 1 provides that the fact of nonpayment is prima facie evidence of willfulness. Although petitioner was unable to enter several relevant documents into evidence, there was testimony by an employee of the social services department that respondent was not paying support and a document prepared by an employee which calculated arrearages was admitted into evidence. This document is prima facie evidence that respondent is in arrears (*Matter of Collier v Hagood*, 70 AD2d 528). Therefore, assuming the court was proceeding under paragraph (a), the testimony concerning nonpayment and the document of arrearages constituted sufficient evidence of nonpayment to invoke the statutory presumption of willfulness. Furthermore, there are other remedies available to Family Court under section 454 which do not require a finding of willfulness (see, e.g., Family Ct Act, § 454, subd 1, pars [b], [c], [d]; *Badenhop v Badenhop*, 84 AD2d 773). Accordingly, even if petitioner had failed to establish by prima facie evidence that respondent's violation was "willful", the petition should not have been dismissed since other remedies, other than incarceration, were available to the court. Lastly, respondent's petition for modification should not have been dismissed for failure to comply with the order of support. Family Court has continuing plenary and supervisory jurisdiction, including

the power to modify or vacate any prior support order and, upon good cause, to cancel any and all arrears thereunder (*Matter of Pavich v Pavich,* 24 AD2d 482). When a petition for violation of a prior order is joined with a petition for modification, it is error not to consider respondent's alleged changed circumstances (*Matter of Boden v Leccese,* 83 AD2d 636; *Matter of Department of Social Servs. of St. Lawrence County v Arquiette,* 74 AD2d 961). Even absent a petition for modification, the court is required to review the current financial status of the parties (*Matter of Nasser v Abraham,* 86 AD2d 973; *Matter of Department of Social Servs. of St. Lawrence County v Hawn,* 83 AD2d 660) and to determine the issue of arrearages (*Matter of Pavich v Pavich, supra;* Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, 1976-1982 Supp Pamp, Family Ct Act, § 454, pp 212-213). (Appeal from order of Erie County Family Court, Notaro, J. — enforcement of support order.) Present — Dillon, P. J., Doerr, Denman, Green and Moule, JJ.