■ In the Matter of MARION LA DUKE, Appellant, v DALE LA DUKE, Respondent. — Mikoll, J.

---

An order of Family Court dated November 8, 1979, as modified by order dated June 26, 1980, directed that respondent pay petitioner $75 per week, to be apportioned as $50 for child support and $25 for alimony. Petitioner claims that payments have not been made since October 1981. In his answer, respondent alleges that he reduced the payment to $26.05 per week in 1981 because petitioner was not making mortgage payments on the former marital residence. He also argues that her financial circumstances have changed, requiring a modification of the support order nunc pro tunc.

The instant proceeding for the entry of a money judgment against respondent for the arrears due from the prior support order pursuant to Family Court Act § 460 was commenced by petitioner in July 1983. At a hearing in Family Court, the attorneys debated whether the prior order included an agreement that petitioner would be employed by respondent's business for $75 per week and the effect of a Nevada divorce decree, obtained by respondent subsequent to the support order, on this Family Court proceeding. In this proceeding, Family Court noted that the foreign decree was entitled to full faith and credit and that, therefore, the relief requested invoked equitable distribution, for which Family Court had no responsibility. An order incorporating this decision was entered in Family Court. This appeal by petitioner ensued.

Petitioner contends that Family Court did not set forth sufficient facts based on the evidence in its decision for purposes of appellate review (CPLR 4213 [b]), requiring that the matter be remitted to Family Court. We disagree. Only ultimate facts, not evidentiary facts, are required (*Matter of Van Dyck v Van Dyck*, 96 AD2d 629, 630). Clearly, there was no dispute that the foreign divorce decree had been obtained and that the existence of the foreign decree was the basis of Family Court's implied termination of the support order. We conclude, therefore, that Family Court's decision stated ultimate facts affecting rights and liabilities of the parties sufficient for appellate review.

However, Family Court erred in dismissing the petition for arrears on the basis of the foreign divorce decree in which petitioner did not personally appear. A New York order of support is not terminated by a subsequent divorce decree obtained ex parte in a sister State where service on the New York domiciled spouse is made in New York, as in the instant case, and that spouse did not appear in the foreign divorce action

(*Estin v Estin,* 296 NY 308, 311-314, *affd* 334 US 541; *Matter of* *Stump v Stump,* 89 AD2d 1029). The order of Family Court should therefore be reversed and the matter remitted to Family Court for further proceedings.

Upon remittal, Family Court, pursuant to the provisions of Family Court Act § 460 (1), should make an order directing entry of judgment for the amount of arrears owing up to the time respondent interjected his request for a modification of the order of support due to changed financial circumstances. Family Court Act § 460 (1) requires that the court make: "an order directing the entry of judgment for the amount of such arrears * * * unless the defaulting party shows good cause for failure to make application for relief from the * * * order directing such payment prior to the accrual of such arrears" (Family Ct Act § 460 [1]). In his answer and at the hearing, respondent offered no reason for his failure to seek relief from the support order prior to the accrual of the arrears sued upon. As to those arrears, entry of a money judgment against him and in favor of petitioner should be granted by Family Court (*Keff v Keff,* 95 AD2d 888, 889; *Coveleski v Coveleski,* 93 AD2d 924). Respondent unilaterally reduced payments to petitioner and such nonpayment constituted a default under the support order (*see, id.*).

Upon consideration of respondent's request for a modification of the support award as of the appropriate date, Family Court should review the financial circumstances of the parties to determine any further arrearages due, and/or the appropriateness of any modification of the support order (*see, Matter of McCarthy v Spearman,* 96 AD2d 750, 751; *Matter of Department of Social Servs. v Hawn,* 83 AD2d 660, 661).

Respondent raised the issue of laches as a bar to petitioner's application for the first time in this case in his appellate brief. Since it was neither raised nor passed upon by Family Court, it will not now be reviewed by this court (*see, Manufacturers Hanover Trust Co./Capital Region v Meadowdale Dev. Co.,* 91 AD2d 1087, 1088).

Order reversed, on the law, with costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent herewith. Mahoney, P. J., Mikoll, Yesawich, Jr., and Levine, JJ., concur.