■ In the Matter of MONROE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of MARTHA CARPENTER, Appellant, v EDWARD BENNETT, Respondent.—Order unanimously reversed on the law without costs and matter remitted to Monroe County Family Court for further proceedings, in accordance with the following Memorandum: Petitioner provides public assistance in the form of aid to dependent children to Martha Carpenter, the custodial parent of Kellie Bennett. Petitioner instituted this proceeding seeking an upward modification of an order directing respondent father to pay child support in the sum of $25 per week. Although Carpenter was unemployed and the parent of another child less than one year old, the Hearing Examiner determined that she was capable of earning $9,600 per year and included that sum in the calculation of combined parental income pursuant to Family Court Act § 413. The Hearing Examiner denied petitioner's application for an upward modification of support. Family Court confirmed the Hearing Examiner's Findings of Fact. On appeal, petitioner contends that imputing income to a public assistance recipient contravenes Federal law governing the administration of aid to dependent children programs *(see,* 42 USC § 602 [a] [19] [C]) and New York's Child Support Standards Act (CSSA; *see,* Family Ct Act § 413 [1] [b] [5] [vii] [E]; [g]). We disagree.

The Federal statute requires States to provide a job opportunities and basic skills training program for recipients of aid to dependent children (42 USC § 602 [a] [19] [A]). The statute further provides that a parent personally providing care to a child under three years of age (or at the State's option, for some lesser age, but not less than one year old) may not be required to participate in that program (42 USC § 602 [a] [19] [C] [iii] [I]). Petitioner contends that, because a State may not require her to participate in the job training program, it cannot, consistent with the statute, impute income to her

based upon her capacity to work. In our view, the Federal statute governs one's entitlement to public assistance, and it has no application to a State law determination of the parental obligation to provide child support.

Additionally, we perceive no conflict between the imputation of income and those provisions of the CSSA pertaining to the court's consideration of public assistance income *(see,* Family Ct Act § 413 [1] [b] [5] [vii] [E]; [g]). The CSSA expressly provides for imputing income where a former spouse unilaterally attempts to diminish the obligation to support children by voluntarily ceasing employment *(see,* Family Ct Act § 413 [1] [b] [5] [v]; *cf., Hickland v Hickland,* 39 NY2d 1, *rearg denied* 39 NY2d 943, *cert denied* 429 US 941; *Lawrence v Lawrence,* 57 AD2d 859).

We conclude, however, that it was inappropriate to impute income in this case. The record reveals only that at some time prior to the hearing, Carpenter was employed as a nurse's aide and may have worked at a laundromat. There is no evidence of the circumstances of either employment (i.e., whether full-time or part-time, temporary, etc.) or the circumstances surrounding termination of either employment. The Hearing Examiner's implicit determination that Carpenter voluntarily terminated employment is not supported by the record. Accordingly, we reverse and remit this matter for a determination of respondent's support obligation under the CSSA and for a consideration whether application of the statutory support standards in this case would be unjust and inappropriate *(see,* Family Ct Act § 413 [1] [f]). (Appeal from Order of Monroe County Family Court, Maas, J.—Child Support.) Present—Callahan, J. P., Boomer, Green, Pine and Balio, JJ.