■ In the Matter of LINDA ANDRE, Appellant, v ROBERT WARREN, Respondent. [597 NYS2d 37] —Order, Family Court, New York County (Judith Sheindlin, J.), entered on or about August 12, 1991, which denied petitioner's objections to the Hearing Examiner's order fixing respondent's child support obligation, unanimously affirmed, without costs.

Petitioner failed to rebut the presumption that the standard of support calculated pursuant to Family Court Act § 413 (1) (c) was reasonable and appropriate (see, Matter of Steuben County Dept. of Social Servs. v James, 171 AD2d 1023). In a trial that hinged almost entirely upon credibility, due to petitioner's failure to provide documentation of her income from a cash-based profession, the Hearing Examiner was in the best position to evaluate the evidence and assess credibility (see, Matter of Masten v Masten, 150 AD2d 693, lv denied 74 NY2d 611; Matter of Miller v Davis, 176 AD2d 945), and her findings, including that imputing income to petitioner in an amount exceeding that reported in the only Federal tax return she ever filed (see, Family Ct Act § 413 [1] [b] [5] [i]), in the midst of the instant proceeding, are entitled to great deference (see, Creem v Creem, 121 AD2d 676, 677). There was no proof that respondent reduced his resources or income in order to reduce or avoid his child support obligation (see, Family Ct Act § 413 [1] [b] [5] [v]; Matter of Monroe County Dept. of Social Servs. v Bennett, 178 AD2d 974), and while it is not clear whether the court considered respondent's earning capacity, rather than his actual earnings (see, Sayer v Sayer, 130 AD2d 407, 410), no proof of such capacity was, in any event, adduced. The denial of child care expenses was reasonably based upon a determination that they were either incurred primarily to allow petitioner to do unpaid volunteer

work, which does not qualify as a reimbursable support expense (see, Family Ct Act § 413 [1] [c] [4]), or paid for by petitioner's husband (see, Matter of Boden v Leccese, 83 AD2d 636).

Finally, there is no support in the record for petitioner's assertion that the Hearing Examiner was biased. Concur—Sullivan, J. P., Carro, Milonas, Kupferman and Ross, JJ.