■ In the Matter of MELISSA MALE, Respondent, v PAUL MALE, Appellant. [676 NYS2d 275] —Peters, J. Appeal from an order of the Family Court of Schenectady County (Griset, J.), entered July 17, 1997, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to, *inter alia*, modify the support provisions of a prior court order.

Petitioner and respondent, now divorced, have four children. Their judgment of divorce, modified upon stipulation by an order entered August 29, 1994 (hereinafter the 1994 order), provides that respondent shall pay child support in the amount of "29% of his gross income which is currently $58,501 per year, less any amounts deducted for FICA taxes until the oldest child is emancipated". Emancipation is deemed to occur when, *inter alia*, "the child * * * engage[s] in substantially full-time employment", or when "the child's principal place of residence shall no longer be with the wife", but shall not include employment during school vacations. It further provided that for the purpose of calculating respondent's proportionate share of child support, no partnership income was to be included and that as to medical, dental, optical and prescription drug expenses in excess of $500, the cost would "be divided between the parties with [respondent] paying two-thirds thereof and [petitioner] paying one-third". Finally, as here relevant, respondent was ordered to provide petitioner with a copy of his 1993 income tax return "within 30 days of May 31, 1994".

On February 6, 1996, petitioner commenced this proceeding to modify the 1994 order to provide for the payment of child support through an income execution order because respondent failed to pay the requisite amount and in a timely fashion. She further filed a violation petition contending that respondent failed to provide her with his income tax returns as well as annual verification of his income, so that child support could be adjusted annually, and that he failed to pay his proportionate share of his son's orthodontic expenses. Finally, petitioner challenged respondent's unilateral reduction of child support payments, prompting his cross petition contending that the second eldest child had become emancipated.

After a hearing, it was determined that respondent willfully violated the 1994 order by failing to pay the requisite amount of child support, his proportionate share of orthodontic expenses and to provide his tax return as required by the order. The

Hearing Examiner therefore modified the 1994 order to provide for an income execution order, arrearages in the amount of $11,195.21 and the provision of annual copies of respondent's Federal and State tax returns to petitioner on a timely basis. Respondent's objections to the Hearing Examiner's order were dismissed by Family Court, prompting this appeal.

Upon our review of the hearing transcript,* we agree that the language employed in the 1994 order clearly required an annual adjustment of respondent's child support obligations based upon his gross income. As to respondent's unilateral determination that one of his children was emancipated, we agree that the 1994 order was violated and that respondent failed to show good cause for not making an application for a downward modification of child support prior to his accrual of arrearages (*see,* Family Ct Act § 451; *Matter of La Duke v La Duke,* 110 AD2d 930). Concerning respondent's willful violation of Family Court's order for his failure to pay orthodontic expenses, again we find no error; respondent's acknowledgement of his failure to comply with the order was prima facie evidence of a willful violation (*see, Matter of Van Demark v Van Demark,* 144 AD2d 862). As such acknowledgement was unaccompanied by evidence to support his excuse for noncompliance, that determination also remains undisturbed.

Finally, while we agree that Family Court properly rejected respondent's contention that he should have been permitted to deduct unreimbursed business expenses as a component of his fluctuating child support obligation, we find respondent to have correctly contended that the court erred when it held him in violation for failing to provide a copy of his 1993 tax return. While petitioner made this allegation in her petition, she presented no testimonial or documentary evidence in support thereof, thereby failing to prove this allegation by a preponderance of the evidence.

Accordingly, we hereby modify the order of Family Court by reversing so much thereof as found respondent in willful violation of the 1994 order for failing to provide petitioner with a copy of his 1993 income tax return.

Mikoll, J. P., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as found respondent in willful violation of the August 29, 1994 order for failing to provide petitioner with a copy of his 1993 income tax return, and, as so modified, affirmed.

---

* It is notable that Family Court, in reviewing the objections, did not have the opportunity to review a transcript of the hearing as none was submitted.