■ In the Matter of JEAN M. GARRISON, Formerly Known as JEAN MULLER, Respondent, v LEONARD J. MULLER, Appellant. [681 NYS2d 402] —Mercure, J. Appeals (1) from an order of the Family Court of Saratoga County (James, J.), entered April 18, 1997, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, for downward modification of a prior child support order, and (2) from an order of said court, entered October 6, 1997, which, upon remand, adhered to its prior decision on the issue of child support.

Although no underlying documentation has been included in the record on appeal, it appears that a June 4, 1996 decision and order of a Hearing Examiner fixed respondent's child support obligation at $118 per week based upon imputed income of $21,153.47, that respondent's objections to that order were denied by Family Court and that respondent's ensuing appeal to this Court, if taken, was never perfected. In subsequent proceedings on violation petitions filed on petitioner's behalf and modification petitions filed by respondent, respondent unsuccessfully contended that his self-employment income was below the poverty level and that he should not be required to pay child support exceeding $25 per month. However, based upon findings that one of respondent's children had been

emancipated and, later, that although no longer emancipated, the child was living with respondent, respondent's child support obligation was reduced to $69 per week and then eliminated effective May 8, 1997. At the present time, respondent is only required to pay arrears that had accrued and were reduced to judgment as of that date.

On the present appeal, respondent continues with his attack upon Family Court's imputation of income, advancing various contentions founded upon the assumption that the imputation was unauthorized and that support and arrears should have been established on the basis of respondent's actual income, which is below the poverty level. However, having failed to perfect his appeal from the 1996 order of support, there is no basis for the present attack on its merits (*see, Matter of Roy v Roy*, 109 AD2d 150, 153-154; *Matter of Stump v Stump*, 89 AD2d 1029, 1030), and the present record is insufficient to support a finding of changed circumstances sufficient to support a downward modification of the support order except to the extent already ordered by Family Court.

Mikoll, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the orders are affirmed, with costs.