PEARL R. RUDD, Respondent, *v.* WYLLYS R. RUDD, Appellant.
ALBERT WEINERT, Respondent, *v.* LEROY WHITFIELD, Appellant.
BARBARA J. SAFFORD, Respondent, *v.* SAMUEL SAFFORD, Appellant.

Fourth Department, May 30, 1974.

*Stephen J. Perrello, Jr.,* for appellants.

*James L. Magavern* (*Maureen McCready* of counsel), for respondents.

*Per Curiam.* These cases present appeals from orders of the Erie County Family Court, dated January 10, 1974, following hearings, which committed appellants for contempt to the Erie County Penitentiary for 90 days because of each appellant's alleged willful failure to obey a prior Family Court support order. We have concluded that such commitment orders were improper because " competent proof " was not adduced at the hearings to support the determinations (Family Ct. Act., § 454). The record reveals that no witness appeared to testify against any appellant, nor was any appellant given an opportunity to testify or to present witnesses on his own behalf with respect to his reason for noncompliance, and finally, none of these appellants was advised of his right to counsel (cf. *Matter of Emerick* v. *Emerick,* 24 A D 2d 872; Family Ct. Act, § 433).

Although this matter is academic, at least insofar as the sentences involved are concerned, we write in these cases because important constitutional issues are raised and the controversy is of a nature that is likely to recur. (*Gray* v. *Sanders,* 372 U. S. 368; *Matter of Bell* v. *Waterfront Comm. of N. Y. Harbor,* 20 N Y 2d 54, 61; *Matter of Rosenbluth* v. *Finkelstein,* 300 N. Y. 402, 404.)

The manner in which these proceedings were conducted contravened appellants' constitutional rights under both the New York State and Federal Constitutions. At the new hearings which we are directing, each appellant should be advised that if he is indigent he has the right to the assistance of assigned counsel (cf. *Argersinger* v. *Hamlin,* 407 U. S. 25; *Matter of Ella B.,* 30 N Y 2d 352; *Matter of Jennings* v. *Jennings,* 42 A D 2d 568, 569; *Matter of Amicucci* v. *Moore,* 42 A D 2d 701). We recognize that ordinarily by the time an appeal from an order of commitment for violation of a support order has been completed most, if not all, of the sentence will have been served rendering the reversal academic to the appellant. Thus, in these cases these appellants have served all or nearly all of the respective sentences imposed before obtaining a stay. In a situation such as this where an appeal is taken, a trial court should carefully scrutinize the proof to determine whether, absent extenuating circumstances, a stay of execution should be granted conditioned upon prompt prosecution of the appeal. The orders should be reversed.

WITMER, J. P., MOULE, CARDAMONE, MAHONEY and GOLDMAN, JJ., concur.

Order, in first above-entitled action, unanimously reversed without costs and motion granted.

Orders, in second and third above-entitled actions, unanimously reversed without costs and matter remitted to Erie County Family Court for further proceedings in accordance with *Per Curiam* opinion.