■ In the Matter of IDA CAMPAGNA, Respondent, v SEAN HILL, Appellant.—Order unanimously reversed, without costs, and matter remitted to Family Court, Erie County, for a hearing before a different Judge. Memorandum: Respondent appeals from an order dated February 2, 1976 directing him to post a $1,000 cash bond with the Erie County Probation Department within two weeks, to guarantee his weekly child support payments as previously directed by order of January 23, 1975, modifying an original support order of February 6, 1964. This proceeding was instituted by the collector of support payments in behalf of the county probation department, and it was alleged that respondent was in arrears for the three weeks of December 12, 19 and 26, 1975 at $40 each. On the return date of the petition, February 2, 1976, instead of conducting a hearing the court engaged in a colloquy with respondent and petitioner. It was agreed that respondent was current in his payments on November 7, 1975. Respondent denied that he was in arrears on February 2, 1976, and he proceeded to specify the payments which he had made, in proof of his contention. Although petitioner did not dispute any specified payment, he and the court stated that "the computer" showed that respondent was in arrears in the sum of $200, and without giving respondent an opportunity for a hearing and the introduction of sworn evidence concerning the payments, the court ordered that respondent file a $1,000 cash bond with petitioner to guarantee the weekly support payments. Although respondent stated, "I don't have that kind of money", and asked, "If I can satisfy the court I am not two hundred behind, will you reconsider that order?", the court refused and signed the order. Family Court Act provides that (§ 433) on the return of a summons "the court shall proceed to hear and determine the case. The respondent shall be * * * advised of his right to counsel, and shall be given the opportunity to be heard and to present witnesses"; and that (§ 454) if respondent is brought before the court for failure to obey any lawful order issued under this article "and if, after hearing, the court is satisfied by competent proof that the respondent has failed to obey any such order, the court may * * * (c) proceed under part seven of this article concerning undertakings". Section 471 provides in part, "(T)he court may require the respondent to give to the clerk a written undertaking * * * that the respondent will abide by the order for support. Such undertaking shall be for a definite period * * * The court may in its discretion require either such written undertaking * * * or may require that cash be posted to secure compliance by the respondent with the order for support for such period. In the event that the respondent shall fail to make any payment, when due, within such period, payment shall be made to the petitioner out of such cash." Clearly, the court disregarded respondent's right to a hearing and to present evidence to establish his contention that he was not in arrears. "The requirement of a hearing is not met by extensive colloquy

between the court and counsel. There must be proof as well as argument. (See *People v Richetti,* 302 NY 290, 297.) A hearing need not follow any particular form, but any meaningful hearing must, at least, consist of an adducement of proof coupled with an opportunity to rebut it." *(Matter of Schwartz v Schwartz,* 23 AD2d 204, 207). In view of respondent's insistence that he was current in his payments and in view of the lack of contrary evidence, the court erred in ordering him to post a cash bond to secure future payments *(Smith v Hayes,* 36 AD2d 570). Moreover, the order did not specify the period for which the undertaking (whether a bond or cash) was required as provided in the statute (§ 471). (Appeal from order of Erie County Family Court—support.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.