■ In the Matter of JEAN M. AFTUCK, Respondent, v MICHAEL D. AFTUCK, Appellant. — Appeals (1) from an order of the Family Court of Broome County (Whiting, Jr., J.), entered May 27, 1983, which, *inter alia,* committed respondent to jail for refusing to sign an insurance form, and (2) from an order of said court, entered June 23, 1983, which, *inter alia,* committed respondent to jail until he obtained a reconveyance of the marital premises or paid a fine and which committed respondent to an additional six months in jail. ¶ The parties were divorced by a decree of the Supreme Court, Broome County, in February of 1980. Issues concerning occupancy of the marital residence were referred to Family Court of Broome County which granted petitioner exclusive occupancy of the marital residence and provided for support by respondent for his three children. ¶ On April 18, 1983, petitioner filed a petition charging that respondent failed to sign an insurance claim form and that such failure prevented her

from receiving the insurance proceeds as directed by a prior order of the court. She filed another petition dated April 20, 1983 alleging that respondent, by selling the marital residence, violated a February 3, 1983 order of sequestration issued by Family Court. A hearing was held on May 27, 1983 for the purpose of determining both issues. However, evidence was taken only on the issue involving the insurance proceeds before the hearing was ended. Petitioner testified on direct examination that respondent's refusal to sign a statement of proof of loss for the insurance company prevented her from receiving the proceeds. During the examination of petitioner, Family Court ordered respondent to sign an insurance form that petitioner brought to the hearing. Upon respondent's counsel advising the court that he had reservations about having his client sign, Family Court committed respondent to jail "until he signs that insurance claim" and terminated the hearing. Respondent was then confined to jail for seven days at which time he was released on a stay obtained from a Justice of this court. ¶ Thereafter, on June 23, 1983, a continuation of the hearing was conducted before the same Family Court Judge to determine the second issue regarding the sequestration order. At this hearing, respondent admitted selling the house but could not produce most of the $22,500 in proceeds from the sale which he allegedly spent in payment of gambling debts, for gambling and vacationing. Family Court found that he had violated the order of sequestration and ordered him committed to jail until he procured a reconveyance to himself of the marital property or paid a fine of $22,500. The court also ordered respondent committed to an additional term of six months in jail. A stay obtained from this court ordered respondent released from jail pending appeal, directed him to pay petitioner $5,000 within 20 days of his release and to file a bond guaranteeing his future court appearance. ¶ Respondent now appeals from the order of Family Court, entered May 27, 1983, committing him to jail for failing to sign the insurance form and from the order of that court, entered June 23, 1983, committing him to jail, fining him $22,500 and ordering a reconveyance of the property for his violation of the order of sequestration. ¶ Contrary to respondent's argument, Family Court, pursuant to section 416 of the Family Court Act, could lawfully make an order requiring respondent to maintain insurance on the marital property (see *Hahn v Hahn,* 40 AD2d 624, 625). Thus, the court had the power to order respondent to turn over the insurance proceeds to petitioner. However, Family Court failed to hold a full evidentiary hearing to determine if respondent willfully violated an order in accordance with due process requirements and sections 433 and 454 of the Family Court Act. Section 454 of the Family Court Act provides that a person brought before the court for failure to obey any lawful order issued under article 4 thereof may be committed to jail for a term not to exceed six months if, by competent proof, the court determines after a hearing that such failure was willful. Section 433 of the Family Court Act gives respondents at such hearings the right to be heard and to present witnesses in response to the competent proof supplied by those petitioning to have them held in contempt (see *Rudd v Rudd,* 45 AD2d 22, 23; *Matter of Passonno v Passonno,* 43 AD2d 773, 774). ¶ By terminating the hearing without giving respondent the opportunity to offer any evidence, Family Court deprived respondent of his statutory and due process rights to a full and fair hearing and thereby committed reversible error. Moreover, section 454 (subd 1, par [a]) of the Family Court Act specifically states that a commitment to jail may not exceed six months. Since the court here committed respondent to jail "until he signs the insurance claim", the period of incarceration obviously may exceed six months. The penalty, therefore, violates the statute and cannot stand (*Lampert v Lampert,* 51 AD2d 913). ¶ Family Court further erred in ordering respondent to procure a reconveyance of the marital residence and in imposing

a fine pursuant to the order of sequestration. The court did not have the authority to do so. Section 454 of the Family Court Act provides a remedy for the violation of an order of Family Court and section 156 of that act, which directs the contempt provisions of the Judiciary Law to be used where the Family Court Act fails to provide an appropriate punishment, is thus inapplicable. However, the record contained sufficient proof to establish that respondent violated the sequestration order and that respondent's conduct in disobeying that order was willful. Therefore, he could properly be committed to jail for a term not to exceed six months. Supreme Court is the more appropriate forum to determine the issues relating to reconveyance of the marital property and, indeed, petitioner has an action pending in that court relating to the marital property. ¶ Finally, respondent's contention that the Family Court Judge erred in not disqualifying himself from the second hearing is rejected. There is no evidence that the Judge has a personal bias, prejudice or other partiality that would prevent him from sitting at a subsequent hearing. ¶ The order of May 27, 1983 should be reversed and the matter remitted to Family Court for a hearing pursuant to section 454 of the Family Court Act regarding respondent's failure to sign the insurance form. The order of June 23, 1983 should be modified by reversing so much thereof as committed respondent to jail until he procured a reconveyance or paid a fine of $22,500. ¶ Order entered May 27, 1983 reversed, on the law, without costs, and matter remitted to Family Court of Broome County for further proceedings not inconsistent herewith. ¶ Order entered June 23, 1983 modified, on the law, without costs, by reversing so much thereof as committed respondent to jail until he procured a reconveyance or paid a fine of $22,500, and, as so modified, affirmed. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.