■ In the Matter of DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of FREDA MANON, Respondent, v JOSEPH MANON, Appellant.—Levine, J. Appeal from an order of the Family Court of Delaware County (Kepner, Jr., J.), entered October 2, 1985, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, and committed respondent to jail for willfully failing to obey a prior support order.

Respondent was required to make support payments to his wife and children pursuant to a support order entered in Delaware County Family Court. He allegedly failed to make such payments and, in accordance with Family Court Act § 454, was brought before Family Court for a support violation hearing. Respondent was found to be in willful violation of the support order and committed to jail for 30 days.

On appeal, respondent contends that he was denied his statutory and due process rights to a full and fair hearing. We agree. A determination of a willful violation of a support order must be predicated upon proof adduced at a hearing (Family Ct Act § 454). The hearing need not follow any particular form (Matter of Campagna v Hill, 53 AD2d 1050). However, at the least, petitioner must submit proof of respondent's nonpayment as well as his ability to pay (Matter of McCarthy v Spearman, 96 AD2d 750; Matter of Nassau County Dept. of Social Servs. v Walker, 95 AD2d 855, lv dismissed 60 NY2d 778), and respondent must be afforded an opportunity to rebut the evidence (Matter of Aftuck v Aftuck, 100 AD2d 672, 673; Matter of Campagna v Hill, supra; Matter of Jennings v Jennings, 42 AD2d 568). Here, petitioner did not submit any such evidence and, although respondent was briefly questioned by Family Court regarding his nonpayment of support and his employment during the two weeks prior to the hearing, his statements were not made under oath and his attorney's request that he be sworn and allowed to give testimony concerning his inability to pay was denied. These procedures deprived respondent of his statutory and due process rights to a full and fair hearing (see, Family Ct Act § 454; Matter of Aftuck v Aftuck, supra; Matter of Jennings v Jennings, supra). Moreover, we note that the extensive colloquy between respondent's attorney and the court may not be substituted for the requirement of a hearing under Family Court Act § 454 (see, Matter of Campagna v Hill, supra).

Order reversed, with costs, and matter remitted to the Family Court of Delaware County for further proceedings not inconsistent herewith. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.