■ In the Matter of COLLEEN D. RAMSEY, Respondent, v ROBERT J. SCOTT, Appellant. [626 NYS2d 929] —Order unanimously affirmed with costs. Memorandum: Respondent appeals from an order directing him to pay $7,105.42 in child support arrears within two weeks of the order or be committed to the Monroe County Jail for four months. He contends that he was denied due process and an opportunity to present a defense because Family Court never held a hearing on the issue of willfulness. A hearing on child support arrears was held before a Hearing Examiner, who ordered that respondent pay arrears of $7,105.42 and remitted the issue of sanctions to Family Court. Family Court Act § 454 requires that a hearing be held before the court may use any enforcement powers, including incarceration. On the date of the hearing scheduled by Family Court, respondent's attorney appeared but respondent did not. Under the circumstances of this case, where a hearing was held before a Hearing Examiner and respondent thereafter failed to appear at a hearing before Family-Court, respondent's due process rights were protected *(see generally, Matter of Hoyt v Hoyt,* 166 AD2d 816; *cf., Matter of Aftuck v Aftuck,* 100 AD2d 672). Respondent's reliance on *Rudd v Rudd* (45 AD2d 22) is misplaced because respondents in *Rudd* were never given an opportunity to present proof before being incarcerated.

Respondent further contends that the court erred in imposing a term of commitment without first attempting other means to enforce payment of arrears. We conclude that, under

the circumstances of this case, it was not an improvident exercise of discretion to impose a term of commitment *(cf., Nagle v Nagle,* 155 AD2d 990).

Finally, respondent contends that petitioner failed to establish that his failure to pay child support was willful. We disagree. Family Court Act § 454 (3) (a) provides that the failure to pay support as ordered is prima facie evidence of a willful violation. The validity of a prior order of support, pursuant to which respondent's ability to pay was judicially determined, should be presumed *(see,* Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 454, at 384). Respondent failed to raise the issue of inability to pay as a defense and thus, has failed to rebut the prima facie evidence of a willful violation. (Appeal from Order of Monroe County Family Court, Taddeo, J.—Child Support Arrears.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.