■ In the Matter of Rosali D. Lungreen, Respondent, v Joseph D. Lungreen, Appellant. [647 NYS2d 309] —Peters, J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered September 26, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to hold respondent in willful violation of a prior child support order.

Respondent is required to pay child support payments in the amount of $75 per week and child support arrearage payments in the amount of $33.80 per week to petitioner pursuant to a support order entered August 12, 1994. After he allegedly failed to make these payments, a support violation petition was filed by petitioner.

On September 22, 1995, respondent apparently failed to appear before a Hearing Examiner for a scheduled hearing on the petition. There is no indication in the record that a hearing in fact ensued on that date in respondent's absence. Respondent did, however, appear before Family Court, at its behest, on September 25, 1995. Respondent was initially before Family Court without counsel at which time he informed the court, during an unsworn colloquy, that he had been out of work for a month and was "not doing good on [his] support

payments". After Family Court appointed counsel for respondent during a recess and a brief colloquy between the newly appointed counsel and the court, Family Court found respondent to be in willful violation of the support order and committed him to jail for 90 days. An order of commitment was entered.

On appeal, respondent contends that he was denied his statutory right to a full and fair hearing pursuant to Family Court Act § 454. We agree. It is well settled that when there is no admission by a respondent, "[a] determination of a willful violation of a support order must be predicated upon proof adduced at a hearing" (*Matter of Delaware County Dept. of Social Servs. [Manon] v Manon*, 119 AD2d 940; *see, Matter of Aftuck v Aftuck*, 100 AD2d 672, 673). While a hearing need not emulate a specific form, at a minimum petitioner is required to submit proof of respondent's ability to pay support and failure to do so, and respondent must be afforded an opportunity to rebut the evidence (*see, Matter of Powers v Powers*, 86 NY2d 63, 68-69).

Here, petitioner was not even present when respondent appeared before Family Court on September 25, 1995 and, thus, did not present proof of respondent's nonpayment of child support or ability to pay (*cf., Matter of Ramsey v Scott*, 214 AD2d 957). While respondent was briefly questioned by Family Court regarding the violation petition, we note that neither a colloquy between respondent and Family Court nor between respondent's counsel and Family Court suffices as a hearing under Family Court Act § 454 (*see, Matter of Delaware County Dept. of Social Servs. [Manon] v Manon, supra*). This procedure deprived respondent of his statutory right to a full and fair hearing (*see*, Family Ct Act § 454).

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.