■ In the Matter of COMMISSIONER OF CHENANGO COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of RONALD SCHARK, JR., Respondent, v DANIELLE A. BONDANZA, Appellant. [733 NYS2d 299] —Cardona, P. J. Appeal from an order of the Family Court of Chenango County (Sullivan, J.), entered March 6, 2000, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to hold respondent in willful violation of a prior support order.

Respondent is required to pay child support payments pursuant to a July 1997 order in the amount of $31 per week to Ronald Schark, Jr. After respondent allegedly failed to make the payments, the Chenango County Department of Social Services (hereinafter DSS) applied in November 1999 to Family Court on Schark's behalf for enforcement of the order. According to DSS, respondent was $4,253 in arrears. A hearing was conducted in February 2000 at which DSS appeared and respondent was also present with counsel. Although no testimony or documentary evidence was submitted, respondent did set forth various defenses for her failure to pay the order. Thereafter, Family Court found that respondent was in willful violation of the child support order and sentenced respondent to six months' incarceration with a purge of $2,000. Respondent appeals, contending that she was denied her statutory right to a full hearing pursuant to Family Court Act § 454.

It is well settled that when there is no admission by a respondent, "[a] determination of a willful violation of a support order must be predicated upon proof adduced at a hearing" (Matter of Delaware County Dept. of Social Servs. v Manon, 119 AD2d 940, 940). Although no specific form of hearing is required, the petitioner must submit proof of nonpayment, to which the respondent is entitled to reply (see, Matter of Lungreen v Lungreen, 231 AD2d 807; see also, Matter of Powers v Powers, 86 NY2d 63, 69). Although respondent was briefly questioned by Family Court regarding the violation petition, it is well settled that neither a colloquy between a respondent

and Family Court nor between a respondent's counsel and the court is sufficient to constitute the required hearing (*see, Matter of Delaware County Dept. of Social Servs. v Manon, supra*). Notably, an order may not be based upon unsworn statements made in court (*see, Matter of Livingston County Dept. of Social Servs. v Grimmelt*, 254 AD2d 834, 834; *see also, Matter of Toft v Beavers*, 124 AD2d 263, 264).

Under all the circumstances herein, we find that respondent was not accorded the required hearing and, therefore, the finding of willful violation cannot stand.

Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Chenango County for further proceedings not inconsistent with this Court's decision.