■ In the Matter of COLUMBIA COUNTY SUPPORT COLLECTION UNIT, on Behalf of DINA CARRERAS, Respondent, v DAVID INTERDONATO, Appellant. [858 NYS2d 801]—

Stein, J. Appeal from an order of the Family Court of Columbia County (Nichols, J.), entered July 11, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to find respondent in willful violation of a prior support order.

Pursuant to a prior court order, respondent is required to pay

child support to Dina Carreras (hereinafter the mother) for their child in the amount of $160 per week. Respondent failed to make the required payments and a Support Magistrate, by order entered October 23, 2006, found respondent to be in willful violation of the prior order. The Support Magistrate recommended that respondent be committed to jail for 90 days, but suspended referral of the matter to Family Court for confirmation (Family Ct Act § 439 [a]) as long as he complied with the underlying support order. Thereafter, respondent again failed to comply with his support obligations and a second amended order of disposition was entered on March 5, 2007, recommending that respondent be committed to jail for 90 days. In addition, an order to show cause was brought, which was converted into a violation petition with respondent's consent. By order entered April, 30, 2007, the Support Magistrate again found respondent to be in willful violation of a prior order and, among other things, recommended that respondent be committed to jail for 90 days, to run concurrently with the first jail sentence. Family Court ultimately ordered respondent committed to jail for a period of 120 days, and respondent now appeals.

Respondent contends that Family Court erred in finding a willful violation and ordering that he be committed based on unsworn testimony. We disagree. "It is well settled that when there is no admission by a respondent, '[a] determination of a willful violation of a support order must be predicated upon proof adduced at a hearing' " (*Matter of Commissioner of Chenango County Dept. of Social Servs. v Bondanza*, 288 AD2d 773, 773 [2001], quoting *Matter of Delaware County Dept. of Social Servs. v Manon*, 119 AD2d 940, 940 [1986]; *accord Matter of Lungreen v Lungreen*, 231 AD2d 807, 808 [1996]). A formal judicial admission by a respondent may, however, obviate the need for a hearing inasmuch as the respondent, by his or her admission, waives the production of evidence by the opposing party with regard to the facts admitted and the respondent's admission is deemed conclusive with regard to those facts (*see* Fisch, New York Evidence § 803 [2d ed 1977]; Prince, Richardson on Evidence § 8-215 [Farrell 11th ed]; 4 Wigmore, Evidence § 1059, at 26-27 [Chadbourn rev 1972]; 9 Wigmore, Evidence § 2588, at 821, § 2590, at 822 [Chadbourn rev 1972]; 29A Am Jur 2d, Evidence § 770).

Here, respondent's unequivocal admission before the Support Magistrate in open court to the facts giving rise to petitioner's claim of respondent's violation of Family Court's orders—that

he failed to make the required child support payments* —was made with sufficient formality and conclusiveness to be deemed a formal judicial admission (*see State of New York ex rel. H. v P.*, 90 AD2d 434, 438 n 4 [1982]; *see generally People v Brown*, 98 NY2d 226, 232 n 2 [2002]; Prince, Richardson on Evidence § 8-215 [Farrell 11th ed]; 4 Wigmore, Evidence § 1059, at 26-27 [Chadbourn rev 1981]; 9 Wigmore, Evidence § 2588, at 821, § 2594, at 832 [Chadbourn rev 1981]; 29A Am Jur 2d, Evidence § 770), even in the absence of an oath. Furthermore, "[p]roof of a failure to make required support payments is prima facie evidence of a willful violation" (*Matter of St. Lawrence County Dept. of Social Servs. v Pratt*, 44 AD3d 1125, 1125 [2007], *lv dismissed and denied* 9 NY3d 1020 [2008]; *see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]). Accordingly, Family Court's order was not based upon unsworn testimony, but was properly made following respondent's admission and, as such, we affirm.

Spain, J.P., Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.

---

* We note that respondent made no assertion before Family Court that he was unable to make the required payments, nor does he make such a claim on appeal.