■ GJF Construction, Inc., Doing Business as Builders Group et al., Appellants, v Sirius America Insurance Company, Respondent. [934 NYS2d 697]—

Manzanet-Daniels and Román, JJ., concur in a separate memorandum by Román, J., as follows: In this declaratory judgment action we find that where the insurance policy requires that the insurer be given notice of any additional insureds which its policy is intended to cover, the failure to provide such notice precludes coverage as to any such additional insured.

The insurance policy contains an endorsement amending the policy to include, as insureds, persons or organizations "as on file with company." While a written request was made to add 101 Park Avenue Associates to the policy, the record fails to indicate that such a request was made with regard to GJF Construction. Contrary to plaintiffs' contention, the act of requesting that an additional insured be named under the policy was not a purely ministerial act whose failure should be excused, because while not the only act required by the policy to have the person or organization named as an additional insured under the policy, it was a critical and material act which would have given defendant the option to deny coverage. Accordingly, while it is true that "[w]hen a substantial performance is shown the party claiming the benefit of the contract should not be defeated for the want of a literal compliance as to some unimportant detail" (*Porter v Traders' Ins. Co. of Chicago*, 164 NY 504, 509 [1900]; *see also Jacob & Youngs, Inc. v Kent*, 230 NY 239, 241 [1921]), here the failure to provide defendant with notice that GJF was an additional insured deprived defendant from exercising its right to deny coverage under the policy (*Blumberg v Paul Revere Life Ins. Co.*, 177 Misc 2d 680, 682 [1998] ["The general rule is that an insurance application constitutes nothing more than an offer to the insurer, which it may accept or reject after determining whether an applicant is a desirable risk"]), such that the failure to fully comply with the policy cannot be deemed unimportant (*cf. Anderson Clayton & Co. v Alanthus Corp.*, 91 AD2d 985 [1983] [plaintiff not excused from contractual obligations when defendant had substantially performed and its breach was trivial in nature]).

The trial court erroneously treated the letter sent by defense counsel to plaintiffs' counsel, advising that GJF was an additional insured under the policy, as an informal, rather than a formal, judicial admission. A formal judicial admission takes the place of evidence and is conclusive of the facts admitted in an action (*People v Brown*, 98 NY2d 226, 232 n 2 [2002]). The hallmark of a formal judicial admission is that it "dispenses with the production of evidence by conceding, for the purposes of the litigation, the truth of a fact alleged by the adversary" (*id.* at 232 n 2 [internal quotation marks omitted]).

Here, on February 26, 2008, in response to plaintiffs' letter dated January 14, 2008, wherein plaintiffs stated that they "need[ed] either a letter . . . confirming that . . . GJF Construction, Inc. . . . [was an] . . . additional[ ] insured[ ] . . . under the . . . policy . . . or deposition dates for the Sirius underwriter," defendant sent plaintiff a letter, wherein defendant, clearly in order to avoid producing a witness from its underwriting department, acknowledged that GJF was an additional insured. On June 3, 2008, months after its initial letter and after plaintiffs filed their note of issue and made a motion in reliance on defendant's representation, defendant contended that its letter acknowledging that GJF was an additional insured was sent in error and retracted its statement by telephone and in writing. Certainly, defendant's statement had all the trappings of a formal judicial admission, and it was thus bound by it (*Brown* at 226 n 2; *Burdick v Horowitz*, 56 AD2d 882, 883 [1977] [statement made by defendant's counsel during a deposition, to preclude line of questioning, deemed a binding formal judicial admission]).

Contrary to the position taken by our concurring colleagues, while defendant ultimately produced its underwriter, a witness employed by its agent, it did so only *after* plaintiffs had already *relied* on defendant's representation to their detriment and notably only after the close of discovery. Accordingly, on these facts, it is evident that defendant's representation was designed to preclude the exchange of discovery and the production of defendant's witness did not make its prior admission any less binding. Moreover, we decline to limit the ambit of what constitutes a formal judicial admission to where within a proceeding, a letter, affirmation or deposition, happens to manifest itself. Guided by Court of Appeals precedent we instead think it more prudent to adhere to the definition promulgated in *Brown*, aptly applicable here—where plaintiff forewent discovery and relied on defendant's representation to support its motion for summary judgment—which defines a formal judicial admission as

an admission made to avoid having to produce discovery on a fact at issue (*Brown* at 226 n 2). Notwithstanding the foregoing, defendant's formal judicial admission acknowledging that GJF was an additional insured under the policy fails to confer coverage to GJF since, as noted above, there was no compliance with a critical contractual provision of the insurance policy and even by formal judicial admission, defendant, an insurer, cannot be compelled to provide coverage where none exists by waiver (*Albert J. Schiff Assoc. v Flack*, 51 NY2d 692, 698 [1980]; *Drew Chem. Corp. v Fidelity & Cas. Co. of N.Y.*, 60 AD2d 552 [1977], *affd* 46 NY2d 851 [1979]).

101 Park Avenue Associates failed to demonstrate that it acted reasonably and with due diligence in notifying defendant of the claim. In fact, 101 Park Avenue Associates never directly notified defendant of the claim at all, simply tendering it to GJF, who then tendered the claim to defendant 51 days after 101 Park Avenue Associates was first notified of the incident underlying the claim. While a justifiable lack of knowledge of insurance coverage may excuse a delay in reporting an occurrence, 101 Park Avenue Associates adduced no evidence that it made any effort, let alone reasonably diligent efforts to ascertain whether coverage existed pursuant to the project contract in order to promptly notify defendant (*see Winstead v Uniondale Union Free School Dist.*, 201 AD2d 721, 723 [1994]). As such, 101 Park Avenue Associates's failure to directly notify defendant and the delay in notification stemming therefrom is inexcusable as a matter of law (*id.*). Nor can 101 Park Avenue Associates rely on the notice provided to defendant by GJF as a "similarly situated" insured, since, as noted above, GJF is not an insured under the policy (*see American Home Assur. Co. v BFC Constr. Corp.*, 81 AD3d 545 [2011]).

Catterson, J.P., and Richter, J., concur in a separate memorandum by Richter, J., as follows: I agree that there is no coverage because GJF's status as an additional insured was not "on file" with Sirius, as required by the policy language. However, I do not conclude that the letter from defendant's counsel constitutes a formal judicial admission. During the course of discovery, plaintiffs' counsel sent a letter to defendant's counsel asking whether GJF was an additional insured under Sirius's policy. The letter advised that plaintiffs would seek to depose a Sirius underwriter if Sirius's position was that GJF was not an additional insured. In response, defendant's counsel sent a letter confirming that GJF was an additional insured under the policy.

Several months later, defendant's counsel realized that he had made a mistake and informed plaintiffs' counsel that GJF

was not an additional insured. Defendant's counsel expressed his regret over the mistake and offered to submit a Sirius underwriter for deposition. Plaintiffs' counsel subsequently deposed Patrick J. Conklin, chief underwriting officer for Inter-Reco, the underwriting arm for Sirius, about GJF's status as an additional insured under the policy.

"A formal judicial admission is an act of a party done in the course of a judicial proceeding, which dispenses with the production of evidence by conceding, for the purposes of the litigation, the truth of a fact alleged by the adversary" (*People v Brown*, 98 NY2d 226, 232 n 2 [2002] [citation omitted]). "[A] formal judicial admission takes the place of evidence and is *conclusive* of the facts admitted in the action in which [it is] made" (*id.* [internal quotation marks and citation omitted]). An informal judicial admission is a fact "incidentally admitted during the trial or in some other judicial proceeding" (*Morgenthow & Latham v Bank of N.Y. Co.*, 305 AD2d 74, 79 [2003], *lv denied* 100 NY2d 512 [2003] [internal quotation marks and citation omitted]). "Such an admission is not conclusive . . . in the litigation but is merely evidence of the fact or facts admitted" (*People v Brown*, 98 NY2d at 232 n 2 [internal quotation marks and citation omitted]).

Examples of formal judicial admissions include (1) statutory admissions, such as an admission of fact made pursuant to CPLR 3123, (2) facts admitted by stipulation, (3) facts formally admitted in open court and (4) facts admitted in pleadings (Prince, Richardson on Evidence § 8-215 [Farrell 11th ed]; *see Penna, Inc. v Ruben*, 72 AD3d 523, 523-524 [2010] [statements in pleadings]; *Matter of Columbia County Support Collection Unit v Interdonato*, 51 AD3d 1167 [2008] [facts formally admitted in open court]). Examples of informal judicial admissions include (1) statements made in a deposition, (2) statements in a bill of particulars and (3) statements in affidavits (*Morgenthow & Latham*, 305 AD2d at 79).

Defendant's counsel's letter to his adversary, which was sent during the course of discovery, and which was later discovered to be a mistake and corrected, constitutes, at most, an informal judicial admission. If statements made in affidavits and depositions do not qualify as formal judicial admissions, then a statement made in correspondence between counsel, which is unsworn, cannot be considered a formal judicial admission. The letter contains no indicia of formality, was not copied to the court and contains no language suggesting that it was meant to be a stipulation between the parties.

The language in *People v Brown* (98 NY2d at 232 n 2) relied

upon by my colleagues, which is in a footnote, does not change the result here. There is no indication in counsel's letter, nor any testimony in the record, that the letter was written to "dispense[ ] with the production of evidence by conceding, for the purposes of the litigation, the truth of a fact alleged by the adversary" (*id.*). Plaintiffs produced no evidence to refute defendant's contention that the statement in the letter was a simple mistake (that was subsequently corrected).

*Burdick v Horowitz* (56 AD2d 882 [1977]) is distinguishable. In *Burdick*, which does not even use the term "formal judicial admission," the court found the defendants to be bound by "a stipulation which was made so as to preclude a certain line of questioning at a pretrial deposition" (56 AD2d at 883). Here, in contrast, there was no stipulation. Nor, as noted above, was it shown that the letter was written to preclude further discovery.