Matter of Schiavone v Mannese (2019 NY Slip Op 01419)





Matter of Schiavone v Mannese


2019 NY Slip Op 01419


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-10509
2017-10510
2017-10513
 (Docket No. F-5254-01/16G)

[*1]In the Matter of Barbara L. Schiavone, respondent,
v
Joseph L. Mannese, appellant.


Kiel Van Horn, Port Jervis, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from two orders of disposition and one order of the Family Court, Orange County (Lori Currier Woods, J.), all dated September 13, 2017. The first order of disposition, upon the father's admission that he willfully violated an order of child support dated October 28, 2011, directed that the father be committed to the Orange County Jail for a period of five months, but suspended his commitment so long as he complied with the order of child support dated October 28, 2011. The order vacated the first order of disposition. The second order of disposition, after a hearing, found that the father willfully violated the order of child support dated October 28, 2011, and directed that he be committed to the Orange County Jail for a period of six months unless he paid the purge amount of $19,839.
ORDERED that the appeal from the first order of disposition is dismissed, without costs or disbursements; and it is further,
ORDERED that the order and the second order of disposition are reversed, on the law, without costs or disbursements.
The father and the mother have two children together. On October 28, 2011, the Family Court entered an order of child support (hereinafter the support order). In 2016, the mother filed a petition alleging that the father was in violation of the support order. Upon the father's admission to a willful violation of the support order and upon the father's representation that he was employed, an order of disposition was entered upon the parties' consent, finding the father to be in willful violation of the support order and committing him to a term of incarceration of five months, but suspending his commitment on the condition that he complied with the support order (hereinafter the consent order). Shortly after the consent order was entered, the Family Court received a telephone call, ostensibly from the father's purported employer, informing the court that the father was not, in fact, employed. The court, over the father's objection, sua sponte issued an order vacating the consent order (hereinafter the sua sponte order). The court then proceeded to a willfulness hearing, at the conclusion of which it issued the second order of disposition, finding the father to be in willful violation of the support order and directing that he be committed to the Orange County Jail for a period of six months unless he paid the purge amount of $19,839 (hereinafter the [*2]commitment order). The father appeals from the consent order, the sua sponte order, and the commitment order.
The appeal from the consent order must be dismissed (1) because no appeal lies from an order entered on consent (see CPLR § 5511; Matter of O'Sullivan v Schbilski, 138 AD3d 1170), and further, (2) as abandoned, as the father's brief does not request reversal of any portion of that order (see Matter of Kimbrough v Murphy, 156 AD3d 640, 641).
As the father correctly contends, the Family Court lacked authority to issue the sua sponte order vacating the consent order (see CPLR 5019[a]; Adams v Fellingham, 52 AD3d 443, 444-445; cf. Matter of Glazier v Brightly, 81 AD3d 1197, 1200). Moreover, the court issued the sua sponte order on the basis of unsworn statements made during a telephone call between the court and the father's purported employer (see Matter of Commissioner of Chenango County Dept. of Social Servs. v Bondanza, 288 AD2d 773, 773-774). Accordingly, the sua sponte order must be reversed, and the commitment order, which was based in part on the sua sponte order, must be reversed as well.
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court