Matter of Daniel M.G. v Annette P. (2020 NY Slip Op 01579)





Matter of Daniel M.G. v Annette P.


2020 NY Slip Op 01579


Decided on March 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2020

Gische, J.P., Webber, Gesmer, Kern, JJ.


11230 -08/12B

[*1] In re Daniel M.G., Petitioner-Appellant,
v
Annette P., Respondent-Respondent.


Port and Sava, Lynbrook (George S. Sava of counsel), for appellant.



Supplemental Decision and Order of Family Court, New York County (Carol Goldstein, J.), entered on or about September 20, 2018, which, after remand by order of the same court and Judge, entered February 16, 2018 so as to issue findings of fact concerning the mother's income, denied, in part, the father's objections to Findings of Fact of the same court (Karen D. Kolomechuk, Support Magistrate), entered on or about November 8, 2017, which denied his petition for downward modification of child support obligations set forth in an order of the same court and Support Magistrate, entered on or about March 20, 2010, unanimously affirmed, without costs.
In attempting to show which party is the noncustodial parent for purposes of establishing child support in the parties' 50-50 custody arrangement (see e.g. Rubin v Della Salla, 107 AD3d 60, 68 [1st Dept 2013]; Powers v Powers, 37 AD3d 316 [1st Dept 2007]), the father failed to show the mother is the party with the larger income.
Notwithstanding his contentions to the contrary, Family Court deemed the mother's statements about her earnings and record keeping not credible, and imputed income to her of $126,000/year accordingly (see e.g. Squiteri v Squiteri, 90 AD3d 500 [1st Dept 2011]). The imputed amount was well in excess of even the greatest total annual deposit into her bank accounts for the relevant period, and the court imputed such income precisely because it found her testimony unreliably vague, and as due to her failure to furnish tax returns or other reliable documentation of her income.
The father offers no reason to revisit Family Court's reasonable approach to determining her income and to impute even more income to her. The court's approach was not, as he contends, "arbitrary," but based on information he himself furnished to the court from the information the mother posted on DoulaMatch.net.
Family Court reasonably declined to adopt his interpretation of the mother's testimony that the number of births she had attended as a doula could serve as a predicate for calculating her true income.
Moreover, the number of births he imputes to her would have required an investment of time which was impossible given her child care responsibilities, and her lifestyle suggested that she had not enjoyed such financial success, as she remained living in her aunt's apartment, where she shared a bedroom with the child.
His arguments for imputing income to her based on her rent or based on inferences to be drawn from deposits into her many bank accounts are similarly unpersuasive. As to rent, he does not in any way refute the mother's testimony that she paid her aunt every month, in full, for the $1,200/month rent. Even if, as he states, her records contained only a few checks to substantiate her claim, the burden of proof, on his petition for downward modification, was his, not the mother's (see e.g. Matter of Hermans v Hermans, 74 NY2d 876 [1989]), and he did not refute the mother's testimony on this point. His arguments about the propriety of the apartment's Section 8 designation, whether or not relevant to the question of imputed income, cannot be resolved on this record.
As to imputing income based on the mother's deposits, he does not address Family [*2]Court's key point that he failed to differentiate between the influx of new money and transfers between her many accounts. Although the chart in his post-trial submissions included a "transfers" column, the chart does not include corresponding reductions to balances in what would have been the transferor accounts.
His analogizing the mother's 2016 testimony to a "formal judicial admission" is not persuasive, as her testimony was not sufficiently conclusive or unequivocal to qualify (see e.g. Matter of Columbia County Support Collection Unit v Interdonato, 51 AD3d 1167, 1168-1169 [3d Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 10, 2020
DEPUTY CLERK