Calm Ave, LLC v Baker (2024 NY Slip Op 00597)

Calm Ave, LLC v Baker

2024 NY Slip Op 00597

Decided on February 06, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 06, 2024

Before: Singh, J.P., Moulton, Gesmer, Mendez, Rodriguez, JJ. 

Index No. 651752/18 Appeal No. 1599-1600 Case No. 2023-01350, 2023-01351 

[*1]Calm Ave, LLC, Plaintiff-Appellant,
v
Janet Baker et al., Defendants-Respondents.

The Law Office of Michael J. Collesano, New York (Michael J. Collesano of counsel), for appellant.
Davidoff Hutcher & Citron LLP, New York (Derek Wolman of counsel), for respondent.

Order, Supreme Court, New York County (Frank P. Nervo, J.), entered November 30, 2022, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered March 7, 2023, which denied its motion for leave to reargue, unanimously dismissed, without costs, as taken from a nonappealable paper.
Viewing the evidence in the light most favorable to plaintiff, defendants established that the parties executed a valid contract on or about October 6, 2016, concerning the anticipated sale, renovation, and ultimate sale to a third-party of defendants' cooperative apartment (see Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [2004]). Defendants further demonstrated that, under the contract, plaintiff was immediately required to pay to defendants, for their personal use, a nonrefundable "Down Payment," which plaintiff did, and submit to the Cooperative Board, a "Board Package" or renovation plan for approval, within 15 days of receiving it from defendants, which plaintiff failed to do.
In opposition, plaintiff failed to raise an issue of fact. Plaintiff's contention that a binding contract did not exist is inconsistent with the record evidence conflicts with its allegations in the verified complaint and contradicts its own judicial admissions (see GJF Constr., Inc. v Sirius Am. Ins. Co., 89 AD3d 622, 626 [1st Dept 2011]). The parties' continued communication about their respective obligations after executing the contract does not negate the contract, nor is there any support for plaintiff's contention that defendants were obligated to verify the agreement after executing it.
There is no evidentiary support for plaintiff's contention that the contract is a "nullity" because the cooperative barred plaintiff, an LLC, from purchasing the premises, as the contract contemplates that the premises ultimately would be sold to a third-party purchaser (see Kel Kim Corp. v Central Mkts., 70 NY2d 900, 902 [1987]). Nor did plaintiff present sufficient evidence to raise a question of fact that defendants impeded its ability to submit the required renovation plan in a timely manner.
Furthermore, plaintiff failed to show that defendants were obligated to provide to plaintiff notice of default or an opportunity to cure (see East Empire Constr. Inc. v Borough Constr. Group LLC, 200 AD3d 1, 5-6 [1st Dept 2021]). Nor did plaintiff present
any evidence in support of its tortious interference claim.
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 6, 2024